Heather L. Rosing, SBN 183986
Earll M. Pott, SBN 156516
Sidra Zaheer, SBN 321808
ROSING POTT & STROHBEHN LLP
770 First Avenue, Suite 200
San Diego, California 92101
Tel: 619-235-6000
hrosing@rosinglaw.com
epott@rosinglaw.com
szaheer@rosinglaw.com

Attorneys for Defendants, MARTIN NEUMANN, and
WEINSTOCK MANION, A LAW CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| EMERGING MANAGER PLATFORM (2) LTD , <br><br> Plaintiff, <br> v. <br><br> HADASSAH WEISS; MENACHEM WEISS; RACHEL WILHELM; ISSER M. ZEILINGOLD, individually and as Trustee of the Hadassah Weiss Irrevocable Life Insurance Trust; MARTIN NEUMANN; WEINSTOCK MANION, A LAW CORPORATION; SAMUEL EHRENTHAL; INSURED ON TIME SERVICES INC.; GREGG G. KIRSCHNER; JOSEPH M. LUCENT; THE SETTLEMENT GROUP, INC., dba Georgia Settlement Group; BENJAMIN STEIN; BENEFICIAL EXCHANGE LLC; MICHAEL GOLDMAN; PRIME BROOKSIDE LLC; ALEXANDER GOFER; and GOFER LAW FIRM PC, <br><br> Defendants. | Case No. 2:25-cv-12434-AB-SK <br><br> **DEFENDANTS WEINSTOCK MANION AND MARTIN NEUMANN'S MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> **Hearing Date:**   **May 1, 2026** <br> **Hearing Time:**   **10:00 a.m.** <br> **Judge:**   **Hon. André Birotte, Jr.** <br> **Courtroom:**   **7B** <br><br> Action Filed:   December 31, 2025 |

ROSING POTT & STROHBEHN LLP
770 FIRST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ......................................................................................... 1

II.  ALLEGATIONS IN COMPLAINT ............................................................. 2

III. LEGAL STANDARDS ................................................................................ 4

    A.   Rule 12(b)(6) - Failure to State a Claim .............................................. 4

IV.  ARGUMENT ............................................................................................... 6

    A.   Plaintiff's Claims Against Weinstock for Fraudulent Inducement and Aiding and Abetting Fraud Fail to Meet Rule 9(b)'s Particularity Requirements........................................................................................... 6

        1.   Plaintiff Fails to State a Claim Against Weinstock for Fraudulent Inducement .................................................................... 7

        2.   Plaintiff Fails to State a Claim Against Weinstock for Aiding and Abetting Fraud ................................................................ 10

    B.   The Remaining Causes of Action Should Also be Dismissed Under Rule 12(b)(6).............................................................................. 11

        1.   Plaintiff Fails to State a Claim Against Weinstock for Negligent Misrepresentation.................................................... 11

        2.   Plaintiff Fails to State a Claim Against Weinstock under RICO.......................................................................................... 13

            a.   Plaintiff Does Not Sufficiently Plead the "Conduct" requirement of a RICO Claim .......................................... 14

            b.   Plaintiff Does Not Sufficiently Plead a RICO Enterprise............................................................................ 15

            c.   Plaintiff Does Not Allege a Pattern of Racketeering Activity. ............................................................................. 15

        3.   Plaintiff Fails to State a Claim Against Weinstock for Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200, et seq. .......................................................................... 16

V.   LEAVE TO AMEND WOULD BE FUTILE ............................................. 17

VI.  CONCLUSION.......................................................................................... 18

ROSING PTT & STROHBEHN LLP
770 FIRST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Anderson v. Deloitte & Touche*
56 Cal.App.4th 1468 (1997) ...................................................................... 7, 10

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ........................................................................................ 5

*B.L.M. v. Sabo & Deitsch*
55 Cal.App.4th 823 (1997) ........................................................................... 12

*Baumer v. Pachl*
8 F.3d 1341 (9th Cir. 1993) .......................................................................... 14

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007) ........................................................................................ 5

*Bly-Magee v. California*
236 F.3d 1014 (9th Cir. 2001) ........................................................................ 6

*Casey v. U.S. Bank Nat. Assn.*
127 Cal.App.4th 1138 (2005) ........................................................................ 11

*Committee to Protect Our Agric. Water v. Occidental Oil and Gas Corp.*
235 F.Supp.3d 1132 (E.D. Cal. 2017) ........................................................... 16

*Cooper v. Pickett*
137 F.3d 616 (9th Cir. 1997) .......................................................................... 6

*Durell v. Sharp Healthcare*
183 Cal.App.4th 1350 (2010) ........................................................................ 17

*Durning v. First Boston Corp.*
815 F.2d 1265 (9th Cir. 1987) ........................................................................ 6

*Edwards v. Marin Park, Inc.*
356 F.3d 1058 (9th Cir. 2004) ...................................................................... 16

*Gauvin v. Trombatore*
682 F.Supp. 1067 (N.D. Cal. 1988) ........................................................... 4, 12

*Glenn K. Jackson Inc. v. Roe*
273 F.3d 1192 (9th Cir. 2001) ...................................................................... 11

*Grimmett v. Brown*
75 F.3d 506 (9th Cir.1996) ........................................................................... 13

ROSING PTT & STROHBEHN LLP
770 FIRST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

ii

ROSING PTT & STROHBEHN LLP
770 FIRST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*
   896 F.2d 1542 (9th Cir. 1990) ..................................................................... 5

*Haskin v. R.J. Reynolds Tobacco Co.*
   995 F.Supp. 1437 (M.D. Fla. 1998) ............................................................. 7

*Hearns v. San Bernardino Police Dep't,*
   530 F.3d 1124 (9th Cir. 2008) .................................................................. 4, 12

*Hinesley v. Oakshade Town Ctr.*
   135 Cal. App. 4th 289 (2005) ...................................................................... 7

*IIG Wireless, Inc. v. Yi*
   22 Cal.App.5th 630 (2018) ......................................................................... 11

*In re Gilead Scis. Secs. Litig.*
   536 F.3d 1049 (9th Cir. 2008) .................................................................. 5, 10

*In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*
   865 F.Supp.2d 1002 (C.D. Cal. 2011) ....................................................... 16

*In re Worlds of Wonder Sec. Litig.*
   694 F.Supp. 1427 (N.D. Cal. 1988) ............................................................. 7

*Jackson v. Lara*
   100 Cal.App.5th 337 (2024) ....................................................................... 17

*Kearns v. Ford Motor Co.*
   567 F.3d 1120 (9th Cir. 2009) .............................................................. 6, 7, 16

*Kendall v. Visa U.S.A., Inc.*
   518 F.3d 1042 (9th Cir. 2008) ...................................................................... 5

*Kerrigan v. ViSalus, Inc.*
   112 F.Supp.3d 580 (E.D. Mich. 2015) ....................................................... 16

*Khoury v. Maly's of California, Inc.*
   14 Cal.App.4th 612 (1993) ......................................................................... 17

*Lazar v. Superior Court*
   12 Cal.4th 631 (1996) ............................................................................. 7, 10

*Lipton v. Pathogenesis Corp.*
   284 F.3d 1027 (9th Cir. 2002) .................................................................... 17

*Lopez v. Smith*
   203 F.3d 1122 (9th Cir. 2000) .................................................................... 17

*Marder v. Lopez*
   450 F.3d 445 (9th Cir. 2006) ........................................................................ 5

DEFENDANTS WEINSTOCK MANION AND MARTIN NEUMANN'S
MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

*Moore v. Kayport Package Express, Inc.*
885 F.2d 531 (9th Cir.1989) ............................................................................. 16

*Neubronner v. Milken*
6 F.3d 666 (9th Cir. 1993) ................................................................................. 6

*Nutrition Distrib. LLC v. Custom Nutraceuticals LLC*
194 F.Supp.3d 952 (D. Ariz. 2016) ................................................................. 15

*Parrino v. FHP, Inc.*
146 F.3d 699 (9th Cir. 1998) ............................................................................. 5

*Pegasus Holdings v. Veterinary Centers of America, Inc.*
38 F.Supp.2d 1158 (C.D. Cal. 1998) ................................................................ 7

*Rae v. Union Bank*
725 F.2d 478 (9th Cir.1984) ....................................................................... 13, 14

*Reves v. Ernst & Young*
507 U.S. 170, 113 S. Ct. 1163, 122 L. Ed. 2d 525 (1993) ............................. 14

*Robertson v. Dean Witter Reynolds, Inc.|*
749 F.2d 530 (9th Cir. 1984) ............................................................................. 5

*Saldate v. Wilshire Credit Corp.*
686 F.Supp.2d 1051 (E.D. Cal. 2010) ............................................................ 12

*Samarakoon v. Distaso*
2025 WL 3078251 (E.D. Cal. Nov. 4, 2025)................................................... 16

*Sprewell v. Golden State Warriors*
266 F.3d 979 (9th Cir. 2001) ....................................................................... 5, 10

*Sumner Peck Ranch v. Bureau of Reclamation*
823 F. Supp. 715 (E.D. Cal. 1993) ................................................................... 5

*Sumner Peck Ranch v. Bureau of Reclamation*
823 F.Supp. 715 (E.D. Cal. 1993) .................................................................... 9

*Swartz v. KPMG LLP*
476 F.3d 756 (9th Cir. 2007) ................................................................ 7, 10, 12

*Turner v. Cook*
362 F.3d 1219 (9th Cir. 2004) ......................................................................... 15

*United States ex rel. USN4U, LLC v. Wolf Creek Fed. Servs., Inc.*
34 F.4th 507 (6th Cir. 2022) ............................................................................ 16

*United States v. Fernandez*
388 F.3d 1199 (9th Cir. 2004) ......................................................................... 15

ROSING PTT & STROHBEHN LLP
770 FIRST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

DEFENDANTS WEINSTOCK MANION AND MARTIN NEUMANN'S
MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

*United States v. Ritchie*
  342 F.3d 903 (9th Cir. 2003) ................................................................5

*Univ. of Md. at Balt., et al. v. Peat, Marwick, Main & Co.*
  996 F.2d 1534 (3d Cir.1993) ..............................................................14

*Vess v. Ciba-Geigy Corp. USA*
  317 F.3d 1097 (9th Cir. 2003) .......................................................6, 16

*Walter v. Drayson*
  538 F.3d 1244 (9th Cir. 2008) ...........................................................14

**Statutes**

18 U.S.C. § 1961(1) ..............................................................................13

18 U.S.C. § 1961(4) ..............................................................................15

18 U.S.C. § 1961(5) ..............................................................................15

18 U.S.C. § 1962(c) ...................................................................13, 14, 15

18 U.S.C. § 1964(c) ..............................................................................13

Cal. Bus & Prof. Code § 6068 .............................................................10

Cal. Bus. & Prof. Code § 17200 ......................................................6, 16

**Rules**

Cal. R. Prof. Conduct 1.6......................................................................10

Fed. R. Civ. P. 8(a) .........................................................................2, 4, 7

Fed. R. Civ. P. 9(b) ......................................................................6, 7, 16

Fed. R. Civ. P.  12(b)(6) ...............................................................1, 2, 4, 6

ROSING PTT & STROHBEHN LLP
770 FIRST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

v

## I.    **INTRODUCTION**

Plaintiff's lengthy Complaint paints an elaborate picture of a group of seventeen Defendants that allegedly worked collectively to fraudulently induce it to purchase one of two life insurance policies issued to Defendant Hadassah Weiss ("Weiss"). Despite a Complaint chock full of detail, however, Plaintiff's fails to state facts sufficient to support any of the alleged causes of action against Weinstock Manion and Martin Neumann (collectively referred to as "Weinstock"). In the rare instance when Plaintiff does make allegations of misconduct specifically directed to Weinstock, the allegations are insufficient, vague, conclusory and speculative; therefore, dismissal under Rule 12(b)(6)[1] is appropriate.

As alleged, Weinstock's involvement in the transaction at issue is minimal, fully within the scope of its duties as Weiss's counsel, and thus clearly distinguishable from the conduct of the other Defendants. In describing the Parties to the lawsuit, Plaintiff asserts, "on information and belief," that Weinstock "represented Weiss and/or the Trust in the negotiation and drafting of the false and fraudulent legal documents and disclosures for Weiss's life settlement sale of the policy to EMP" (ECF No. 1, ¶¶ 13-14), but the specific factual allegations in the complaint simply do not support that conclusion. Rather, Plaintiff merely alleges that Weinstock transmitted a packet of documents signed by Weiss to Isser M. Zeilingold ("Zeilingold"), the Trustee of Weiss' Irrevocable Life Insurance Trust, including a blank statement of medical condition (ECF No. 1, ¶ 46, Ex. 6). Plaintiff does not allege that Weinstock prepared Weiss' insurance applications, was involved in her medical care or the representation of her medical condition, had any independent or continuing connection with any of the other Defendants, or had any financial interest in the insurance policy at issue. Indeed, Weinstock's only additional alleged involvement came years later, when it allegedly ignored Plaintiff's entreaties to

---

[1] Unless otherwise indicated, references to rules herein refer to the Federal Rules of Civil Procedure.

DEFENDANTS WEINSTOCK MANION AND MARTIN NEUMANN'S
MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

ROSING PTT & STROHBEHN LLP
770 FIRST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

cooperate in obtaining a HIPAA waiver for Weiss which would purportedly reveal Weinstock's client's fraud. (ECF No. 1, ¶ 75.)

Given Weinstock's limited and tangential involvement, even as alleged, it is unsurprising that Plaintiff failed to plead facts sufficient to support any of the causes of action alleged against Weinstock. Plaintiff's summary inclusion of Weinstock in its cavalcade of defendants sidesteps the requirements of Rule 8(a), Rule 9(b) and Rule 12 (b)(6), as it is well established that far-flung allegations against multiple defendants, like those made by Plaintiff here, are insufficient and subject to dismissal.

## II.    ALLEGATIONS IN COMPLAINT

In summary fashion, Plaintiff's Complaint begins by alleging that seventeen Defendants, including Weinstock, engaged in "fraudulent conduct" and perpetrated a "corrupt scheme to fleece investors like Plaintiff in connection with a life settlement investment on the secondary life insurance market." (ECF No.1, ¶ 1) Further, Plaintiff alleges, "In this case, as in other lawsuits brought by different investors against these same Defendants,[2] Defendants not only altered documents, withheld pertinent information, and made affirmative misrepresentations that could jeopardize the insurance company's agreement to pay the death benefit, they also falsified medical records and made material misrepresentations regarding the health of the insured, Hadassah Weiss. Defendants concealed these facts and made their misrepresentations with the intent and for the purpose of inflating the investment value of the policies on Ms. Weiss' life, thereby increasing the profits Defendants would gain from the sale of the insured interests." (ECF No.1, ¶ 3)

In a sprawling 38-page Complaint, Plaintiff then lays out the alleged scheme in considerable detail, but for the purposes of this motion the operative allegations can be distilled to these: (1) In 2015, codefendant Hadassah Weiss, working with codefendant Samuel Ehrenthal, created a trust to purchase and hold two $10 million

_____

[2] It is worth noting that neither Weinstock Manion nor Martin Neuman are named as Defendants in other actions against the other named Defendants. (Request for Judicial Notice ("RJN"), Ex. 1.)

ROSING PTT & STROHBEHN LLP
770 FIRST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

2

insurance policies on Weiss's life, issued by American General Life Ins. Co., and referred to in the complaint as the '491L and '492L policies (ECF No. 1, ¶¶ 29-31); (2) A year later, she decided to cancel the policies and seek reimbursement of the premiums paid, but instead negotiated a settlement agreement with Ehrenthal to allow him to market the policies to third parties through a Life Settlement Transaction in exchange for reimbursement of half of the premiums paid ($268,000) and fifteen percent of the net profit from any life settlement sale (ECF No. 1, ¶¶ 32-34; ECF No. 1-4 (Ex. 4), pp. 1-3); (3) In 2018, in cooperation with Ehrenthal's effort to find a life settlement buyer, Plaintiff alleges Weiss began seeing a new doctor, Dr. William Skinner, who created medical records to make it appear she was far less healthy than she actually was (ECF No. 1, ¶¶ 36-40); (4) With the assistance of several codefendants, Ehrenthal arranged for the sale of the life insurance policies to the Settlement Group, Inc. ("SGI"), which in turn sold the policies to third-party investors, to include Plaintiff (ECF No. 1, ¶¶ 44-55); and (5) Based on misrepresented life expectancy reports and medical disclosures, and the false representation that Weiss had been paying all of the insurance premiums, Plaintiff agreed to purchase the '492 Policy for $3,800,000 at an inflated price (ECF No. 1, ¶¶ 55-63, 79, 92).

As noted, the Complaint contains a plethora of allegations against the many named Defendants, but Plaintiff makes only three specific allegations against Weinstock. These allegations are:

- "On or about January 9, 2019, at Ehrenthal's, Goldman's and Gofer's direction, Weiss and Neumann prepared and sent Zeilingold a packet of documents signed and notarized by Weiss for the sale of the one of the two life insurance policies issued to Weiss. The documents included an Acknowledgement of Life Insurance Transaction, Authorization for Disclosure of Life Insurance Policy Information, Authorization for Disclosure of Protected Health Information, Client Application, Medical Condition – Insured, Required Disclosures to Weiss, and Notice of Informational Practices. In the cover letter

ROSING PTT & STROHBEHN LLP
770 FIRST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

DEFENDANTS WEINSTOCK MANION AND MARTIN NEUMANN'S
MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

that Neumann sent to Zeilingold enclosing the documents, Neumann wrote that, "I assume that you will coordinate with Mr. Goldman and Mr. Gofer to process the life settlement of the policies"." (ECF No.1, ¶ 46)

- "On July 24, 2019, to complete the sale of the '492L Policy to SGI and then to EMP, and as instructed by Ehrenthal, Goldman and Lucent, Weiss and Neumann prepared and sent Zeilingold a packet of the same application and disclosure documents that Weiss had signed and notarized for the sale of the first Policy."  (ECF No.1, ¶ 59)

- "At Weiss' direction, EMP provided copies of the HIPAA waiver to Neumann and made repeated requests for his assistance in obtaining Weiss' signature. Neumann ignored each of the requests. And, in this way, Weiss and Neumann, knowing that the medical records and the Life Expectancy Reports and other sales documents upon which EMP had relied in deciding to purchase the '492L Policy were false, actively sought to prevent EMP's discovery of the misrepresentations." (ECF No.1, ¶ 75)

None of these allegations, taken separately or in conjunction with the balance of the Complaint, are sufficient to support Plaintiff's claims against Weinstock.

## III.  LEGAL STANDARDS

### A.     Rule 12(b)(6) - Failure to State a Claim

Rule 8(a) requires a complaint to clearly establish the claims and parties such that a defendant would have "no difficulty in responding to the claims with an answer and/or with a Rule 12(b)(6) motion to dismiss." *Hearns v. San Bernardino Police Dep't,* 530 F.3d 1124, 1131–32 (9th Cir. 2008). A plaintiff fails to comply with Rule 8(a) if "all defendants are lumped together in a single, broad allegation." *Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D. Cal. 1988).

Dismissal is proper when a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To be plausible, a complaint must contain sufficient evidentiary facts, to raise a "reasonable inference that the defendant is liable

Rosing Ptt & Strohbehn LLP
770 First Avenue, Suite 200
San Diego, California 92101

for the misconduct alleged". *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Kendall v. Visa U.S.A., Inc.,* 518 F.3d 1042, 1047 (9th Cir. 2008). While the complaint does not need "detailed factual allegations," it must contain factual allegations that are enough to raise a right to relief "above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

Dismissal is warranted where the complaint lacks a cognizable legal theory or where it presents such a theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). A Court need not accept labels, a mere list of elements, or a "legal conclusion couched as a factual allegation." *Iqbal,* 556 U.S. at 678.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."*United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003). Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based*." Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation,* 823 F. Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815

DEFENDANTS WEINSTOCK MANION AND MARTIN NEUMANN'S
MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

ROSING PTT & STROHBEHN LLP
770 FIRST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

F.2d 1265, 1267 (9th Cir. 1987)).

## IV.   ARGUMENT

Plaintiff's alleged causes of action against Weinstock are: Aiding and Abetting Fraud; Fraudulent Inducement; Negligent Misrepresentation; RICO; and Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200, et seq. Plaintiff has failed to state sufficient facts to support any of the alleged causes of action against Weinstock.

### A.   Plaintiff's Claims Against Weinstock for Fraudulent Inducement and Aiding and Abetting Fraud Fail to Meet Rule 9(b)'s Particularity Requirements

Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud." A court may dismiss a claim grounded in fraud when its allegations fail to satisfy Rule 9(b)'s heightened pleading requirements. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).  A motion to dismiss a claim "grounded in fraud" under Rule 9(b) for failure to plead with particularity is the "functional equivalent" of a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Id.*

"Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)) (internal quotations omitted). Fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). In other words, "[t]he complaint must specify facts as the times, dates, places, benefits received and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

As to multiple fraud defendants, a plaintiff "must provide each and every

6

ROSING PTT & STROHBEHN LLP
770 FIRST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

defendant with enough information to enable them 'to know what misrepresentations are attributable to them and what fraudulent conduct they are charged with.'" *Pegasus Holdings v. Veterinary Centers of America, Inc*., 38 F Supp.2d 1158, 1163 (C.D. Cal. 1998) (quoting *In re Worlds of Wonder Sec. Litig*., 694 F.Supp. 1427, 1433 (N.D. Cal. 1988)). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but "require[s] plaintiffs to differentiate their allegations when suing more than one defendant. . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-765 (9th Cir. 2007) (quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F.Supp. 1437, 1439 (M.D. Fla. 1998)).

### 1. Plaintiff Fails to State a Claim Against Weinstock for Fraudulent Inducement

Fraudulent inducement is a subset of fraud.  *Hinesley v. Oakshade Town Ctr*., 135 Cal. App. 4th 289, 294 (2005). Federal courts look to state law to determine if elements of fraud have been pled. *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1126 (9th Cir. 2009) Under California law, the elements for a claim for fraud are: (1) defendant's misrepresentation; (b) defendant's knowledge of falsity; (3) defendant's intent to defraud or to induce reliance; (4) plaintiff's justifiable reliance on defendant's misrepresentation; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996); *Anderson v. Deloitte & Touche*, 56 Cal.App.4th 1468, 1474 (1997).

In contravention of the requirements of Rule 8(a) and Rule 9(b), Plaintiff makes sweeping allegations of fraudulent inducement against all named Defendants. Plaintiff alleges "Defendants obtained and made false statements and misrepresentations of fact regarding Weiss' physicians, health, and medical conditions. They then used those false statements and misrepresentations to obtain false and misleading life expectancy reports. Defendants provided to EMP, or caused to be provided to EMP, those knowingly false medical records and life expectancy

ROSING PTT & STROHBEHN LLP
770 FIRST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

7

reports which they knew and intended EMP would rely up in making the decision of whether to purchase the '492L Policy. The false statements include, but are not limited to, the following: (a) statements that Weiss was a patient of Dr. Skinner; (b) that Weiss was suffering from certain severe medical conditions; (c) that her health was deteriorating; and (d) that her life expectancy at the time EMP purchased the '492L Policy was approximately 37 to 89 months." (ECF No.1, ¶ 88) Not a single one of these alleged false statements is, or can be, attributed to Weinstock.

Plaintiff's Complaint makes clear that Weinstock's involvement in the alleged fraudulent scheme was limited to assembling packets of documents, which had been signed and notarized by Weiss, for the sale of each of the two policies, and allegedly failing to respond to later inquiries from EMP regarding obtaining Weiss' signature on a HIPAA waiver. Plaintiff does not allege what, if any, misrepresentation were made by Weinstock in either of the two "packets of documents" and offers no factual allegations to substantiate its bald conclusion that Neumann failed to respond to EMP's inquiry regarding Weiss' HIPAA waiver because he and Weiss "actively sought to prevent EMP's discovery of the misrepresentations."

In connection with the first "packet of documents" (i.e. the documents associated with the '491L Policy), Plaintiff alleges that "…Weiss and Neumann prepared and sent Zeilingold a packet of documents signed and notarized by Weiss for the sale of the one of the two life insurance policies issued to Weiss. The documents included an Acknowledgement of Life Insurance Transaction, Authorization for Disclosure of Life Insurance Policy Information, Authorization for Disclosure of Protected Health Information, Client Application, Medical Condition – Insured, Required Disclosures to Weiss, and Notice of Informational Practices. In the cover letter that Neumann sent to Zeilingold enclosing the documents, Neumann wrote that, "I assume that you will coordinate with Mr. Goldman and Mr. Gofer to process the life settlement of the policies"." (ECF No.1, ¶ 46) Plaintiff does not state what, if any, misrepresentation were made by Weinstock in said documents making it virtually

8

DEFENDANTS WEINSTOCK MANION AND MARTIN NEUMANN'S
MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

ROSING PTT & STROHBEHN LLP
770 FIRST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

ROSING PTT & STROHBEHN LLP
770 FIRST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

impossible for Weinstock to defend against the allegations. Plaintiff instead makes conclusory, unfounded and unreasonable inferences of fraud from Neumann's note to Zeilingold stating that "I assume that you will coordinate with Mr. Goldman and Mr. Gofer to process the life settlement of the policies". These speculative and vague allegations fall woefully short of the particularity requirements of Rule 9(b). Moreover, in support of this allegation, Plaintiff attached, as Exhibit 6 to the Complaint, a copy of the aforementioned letter prepared by Weinstock and the enclosed documents signed and completed by Weiss. However, Exhibit 6 contains no reference to Dr. Skinner, no assertions regarding Weiss suffering from certain severe medical conditions, and no mention of her life expectancy. (ECF No. 1-6 (Ex. 6)) Therefore, given Plaintiff's Exhibit 6 unequivocally contradicts allegations that Weinstock made misrepresentation in the documents associated with the sale of the first policy, the Court may disregard these allegations entirely. *Sumner Peck Ranch v. Bureau of Reclamation,* 823 F.Supp. 715, 720 (E.D. Cal. 1993).

As to the allegations regarding documents associated with the sale of the second policy, Plaintiff again alleges no specific misrepresentations on the part of Weinstock. Plaintiff merely states: "… as instructed by Ehrenthal, Goldman and Lucent, Weiss and Neumann prepared and sent Zeilingold a packet of the same application and disclosure documents that Weiss had signed and notarized for the sale of the first Policy. Zeilingold and Stein then signed and in some cases notarized the documents before providing them to Lucent and SGI, with the intention that they would be provided to and relied upon by EMP". (ECF No.1, ¶ 59) If documents associated with the sale of the second policy contained misrepresentations, Plaintiff has failed to state which of these alleged misrepresentations was made by Weinstock.

To the extent Plaintiff alleges that Weinstock and Weiss failed to respond to EMP's inquiries regarding Weiss' HIPAA waiver because they "actively sought to prevent EMP's discovery of the misrepresentations" (ECF No.1, ¶ 75), this allegation is merely conclusory, calls for unwarranted deductions of fact, and

9

unreasonable inferences; therefore, it should be disregarded by the Court. *In re Gilead Scis. Secs. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001)). It is also pernicious. That a law firm would not cooperate in the disclosure of confidential medical information of its client is wholly unremarkable. Indeed, it is precisely what one would expect it would do in fulfilling its duty to a client. *See* Cal. Bus & Prof. Code § 6068; Cal. R. Prof. Conduct 1.6.

While Plaintiff repeatedly attempts to tether Weinstock to the other fifteen Defendants accused of fraud, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but "require[s] plaintiffs to differentiate their allegations when suing more than one defendant. . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-765 (9th Cir. 2007) Plaintiff has failed to state any specific facts regarding Weinstock's alleged fraudulent activity, including the times, dates, places of the alleged misrepresentations, and any benefits received; therefore, this cause of action must be dismissed.

### 2. Plaintiff Fails to State a Claim Against Weinstock for Aiding and Abetting Fraud

As set forth above, under California law, the elements for a claim for fraud are: (1) defendant's misrepresentation; (2) defendant's knowledge of falsity; (3) defendant's intent to defraud or to induce reliance; (4) plaintiff's justifiable reliance on defendant's misrepresentation; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996); *Anderson v. Deloitte & Touche*, 56 Cal.App.4th 1468, 1474 (1997). "Liability may . . . be imposed on one who aids and abets the commission of an intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of

10

duty to the third person." *IIG Wireless, Inc. v. Yi*, 22 Cal.App.5th 630, 653-654 (2018) . "California courts have long held that liability for aiding and abetting depends on proof the defendant had actual knowledge of the specific primary wrong the defendant substantially assisted . . . . 'The words "aid and abet" as thus used have a well understood meaning, and may fairly be construed to imply an intentional participation with knowledge of the object to be attained." *Casey v. U.S. Bank Nat. Assn.*, 127 Cal.App.4th 1138, 1145-1146 (2005).

Plaintiff has failed to allege a single fact demonstrating that Weinstock knew of any alleged "fraudulent scheme" on the part of the other Defendants, let alone that Weinstock intentionally participated in such a scheme. Plaintiff's allegations are conclusory, unwarranted deductions of fact and unreasonable inferences which should be disregarded by the Court. Moreover, as noted, Plaintiff's Complaint repeatedly lumps all the Defendants together and fails to inform each defendant separately of the allegations surrounding their alleged participation in the fraud, as required by Rule 9(b). Given Plaintiff has failed to state even basic facts supporting this cause of action, it has unequivocally failed to meet the heightened particularity requirements set forth in Rule 9(b) for claims grounded in fraud and this cause of action should also be dismissed.

**B.    The Remaining Causes of Action Should Also be Dismissed Under Rule 12(b)(6).**

**1.    Plaintiff Fails to State a Claim Against Weinstock for Negligent Misrepresentation**

The elements of negligent misrepresentation include: (1) misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the misrepresentation, (4) ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom it was directed, and (5) resulting damage. *Glenn K. Jackson Inc. v. Roe,* 273 F.3d 1192, 1201 n.2 (9th Cir. 2001). The elements of a cause of action for negligent

11

ROSING PTT & STROHBEHN LLP
770 FIRST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

misrepresentation are the same as those of a claim for fraud, with the exception that the defendant need not actually know the representation is false. Rather, to plead negligent misrepresentation, it is sufficient to allege that the defendant lacked reasonable grounds to believe the representation was true. *B.L.M. v. Sabo & Deitsch*, 55 Cal.App.4th 823, 834 (1997).

In support of this cause of action, Plaintiff alleges: "As evidenced by the Settlement Agreement, obtaining of false medical records and life expectancy reports, secret payments and reimbursements of premiums, and repeated refusals to provide medical records after the sale to EMP, the Defendants, and each of them, knowingly agreed and conspired to sell the '492L Policy without exercising reasonable care for the representations upon which they knew and intended EMP would rely. Each Defendant is therefore responsible and equally liable for negligent misrepresentations as a knowing and voluntary participant in the civil conspiracy." (ECF No.1, ¶ 101), As discussed above, Plaintiff alleges no specific misrepresentations on the part of Weinstock. Instead, Plaintiff once again attempts to "lump" Weinstock in with all of the other Defendants. However, in the Ninth Circuit, just as with claims of fraud, "claims of . . .negligent misrepresentation must meet Rule 9(b)'s particularity requirements." *Saldate v. Wilshire Credit Corp.* 686 F.Supp.2d 1051, 1063–1064 (E.D. Cal. 2010).  As discussed at length above, Rule 9(b) does not allow a complaint to indiscriminately group multiple defendants together, but rather requires a Plaintiff to differentiate their allegations when suing more than one defendant. *Swartz v. KPMG LLP*, 476 F.3d 756, 764-765 (9th Cir. 2007). Moreover, Rule 8(a) requires a complaint to clearly establish the claims and parties such that a defendant would have "no difficulty in responding to the claims with an answer and/or with a Rule 12(b)(6) motion to dismiss." *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131–32 (9th Cir. 2008). A plaintiff fails to comply with Rule 8(a) if "all defendants are lumped together in a single, broad allegation." *Gauvin***Error! Bookmark not defined.** *v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D. Cal. 1988). Plaintiff has failed to state

DEFENDANTS WEINSTOCK MANION AND MARTIN NEUMANN'S
MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

any specific facts regarding Weinstock's alleged negligent misrepresentations, including the times, dates and places of the alleged misrepresentations; therefore, this cause of action must be also be dismissed.

### 2. Plaintiff Fails to State a Claim Against Weinstock under RICO

Plaintiff alleges: "Defendants, all of whom are persons within the meaning of 18 U.S.C. § 1961(3), formed an association-in-fact enterprise within the meaning of 18 U.S.C. § 1961(4) by establishing contractual, business and other relationships with each other and otherwise collaborating to use the '492L Policy and subsequent life settlement contract sale of the policy for their wrongful commercial gains. Their agreements and association-in-fact enterprise enabled Defendants to more efficiently achieve their collective purpose…. in violation of 18 U.S.C. § 1962(c), each of the Defendants has conducted and participated in the conduct of the affairs of the life settlement agreement enterprise through a pattern of racketeering activity by committing more than two related and continuous acts of racketeering, as defined in 18 U.S.C. § 1961(1), through the ongoing marketing, solicitation, and sale of multiple life insurance policies, including at least one other policy on Weiss (the '491L Policy) and at least two policies issued on Dr. Skinner." (EMF ¶115, 117) Plaintiff, however, has failed to state any facts supporting a RICO claim against Weinstock.

The elements of a civil RICO claim are as follows: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property." *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir.1996) (citing 18 U.S.C. §§ 1964(c), 1962(c)). The failure to establish any of these elements is fatal to a RICO claim. See *Rae v. Union Bank*, 725 F.2d 478, 480–81 (9th Cir.1984) (affirming Rule 12(b) dismissal of RICO claim where plaintiff failed to meet the "enterprise" requirement). Plaintiff's threadbare complaint does not begin to meet the elements required to state a claim under RICO.

DEFENDANTS WEINSTOCK MANION AND MARTIN NEUMANN'S
MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

ROSING PTT & STROHBEHN LLP
770 FIRST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

### a. Plaintiff Does Not Sufficiently Plead the "Conduct" requirement of a RICO Claim

Section 1962(c) makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity...." 18 U.S.C. §1962(c).

In order to "conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs," a defendant must participate in the operation or management of the enterprise itself. *Reves v. Ernst & Young*, 507 U.S. 170, 185, 113 S. Ct. 1163, 1173, 122 L. Ed. 2d 525 (1993) The provision of legal services alone, without any part in directing the affairs of the enterprise, is insufficient to allege a §1962(c) cause of action. *Baumer v. Pachl*, 8 F.3d 1341, 1344 (9th Cir. 1993); see also *Univ. of Md. at Balt., et al. v. Peat, Marwick, Main & Co.* 996 F.2d 1534, 1539 (3d Cir.1993) ("Simply because one provides goods or services that ultimately benefit the enterprise does not mean that one becomes liable under RICO as a result.") An attorney's performance of services, including taking positions on behalf clients, is not sufficient to "conduct" affairs of an enterprise, where the attorney does not have a role in the management and operation of enterprise, does not attempt to control enterprise or occupy position in chain of command through which enterprise's affairs are conducted, and is not indispensable to achieving enterprise's goals. *Walter v. Drayson*, 538 F.3d 1244, 1248 (9th Cir. 2008). Plaintiff does not allege that Weinstock participated in an enterprise outside of its provision of legal services to Weiss. This is fatal to Plaintiff's RICO claim.

Given Plaintiff did not, and cannot, allege that Weinstock had some part in directing the affairs of the alleged enterprise, Plaintiff's RICO claim is properly subject to dismissal. See *Rae v. Union Bank*, 725 F.2d 478, 480–81 (9th Cir. 1984) (affirming Rule 12(b) dismissal of RICO claim where plaintiff failed to meet the "enterprise" requirement).

14

DEFENDANTS WEINSTOCK MANION AND MARTIN NEUMANN'S
MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

ROSING PTT & STROHBEHN LLP
770 FIRST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

### b.  Plaintiff Does Not Sufficiently Plead a RICO Enterprise

An enterprise under the RICO statute "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). An associated-in-fact enterprise is established by "proof (1) of an ongoing organization, formal or informal, (2) which exhibits a hierarchical or consensual decision-making structure beyond that inherent in the alleged racketeering activity, and (3) in which the various associates function as a continuing unit." *United States v. Fernandez*, 388 F.3d 1199, 1223 (9th Cir. 2004). An organization must be "an entity separate and apart from the pattern of [racketeering] activity in which it engages." *Chang v. Chen*, 80 F.3d 1293, 1298 (9th Cir.1996) (citations omitted). There must be an "existence beyond that which is merely necessary to commit the predicate acts of racketeering." *Id.* at 1299.

Plaintiff does not allege Weinstock is part of an ongoing organization in which the various associates function as a continuing unit. Plaintiff alleges only that "Ehrenthal, Insurance On Time, Zeilingold, Goldman, Prime Brookside, Stein, Beneficial Exchange, Lucent, and/or SGI have an ongoing business of obtaining, market and selling other fraudulently obtained policies at inflated prices." (EMF 1, ¶ 117) Therefore, Plaintiff has not sufficiently alleged that Weinstock is part of an "enterprise" under the RICO statute.

### c.  Plaintiff Does Not Allege a Pattern of Racketeering Activity.

Liability under RICO also requires that each defendant have participated in "a pattern of racketeering activity." 18 U.S.C. § 1962(c). A pattern requires there to be "at least two acts of racketeering activity within ten years of one another." *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004) (citing 18 U.S.C. § 1961(5)). "The plaintiff must adequately plead the elements of each predicate act, satisfying the pleading standard that would apply if the predicate act were a stand-alone claim." *Nutrition Distrib. LLC v. Custom Nutraceuticals LLC*, 194 F.Supp.3d 952, 957 (D. Ariz. 2016). It is not enough to plead a pattern of racketeering as to the group of

Rosing Ptt & Strohbehn LLP
770 First Avenue, Suite 200
San Diego, California 92101

15

DEFENDANTS WEINSTOCK MANION AND MARTIN NEUMANN'S
MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

defendants. Rather, "[w]here RICO claims under § 1962(c) are asserted against multiple defendants, a plaintiff must allege at least two predicate acts by each defendant." *Committee to Protect Our Agric. Water v. Occidental Oil and Gas Corp.*, 235 F.Supp.3d 1132, 1177 (E.D. Cal. 2017); accord *In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 865 F.Supp.2d 1002, 1035 (C.D. Cal. 2011); *Kerrigan v. ViSalus, Inc.*, 112 F.Supp.3d 580 (E.D. Mich. 2015).

In addition, where the RICO claims are predicated on alleged fraud, the plaintiff must satisfy Rule 9(b)'s heightened pleading standard. *Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1065–66 (9th Cir. 2004); *Samarakoon v. Distaso*, 2025 WL 3078251, at *7 (E.D. Cal. Nov. 4, 2025). Rule 9(b) requires a plaintiff to particularize the "who, what, when, where, and how" of the alleged fraud, *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citations omitted), as well as "what is false or misleading about a statement, and why it is false," *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted); *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 540 (9th Cir.1989). Thus, to establish a pattern of racketeering activity in satisfaction of Rule 9(b), the alleged predicate acts must be "representative samples of the scheme" pled with specificity and constituting viable claims. *United States ex rel. USN4U, LLC v. Wolf Creek Fed. Servs., Inc.*, 34 F.4th 507, 514 (6th Cir. 2022) (citation modified).

As noted above, Plaintiff has failed to specifically plead any fraudulent conduct as to Weinstock. Accordingly, Plaintiff has not sufficiently alleged that Weinstock participated in a pattern of racketeering activity and thus, for this additional reason, the RICO claim must be dismissed.

### 3. Plaintiff Fails to State a Claim Against Weinstock for Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200, et seq.

Unfair competition in violation of Cal. Bus. & Prof. Code § 17200, et seq. includes "any unlawful, unfair or fraudulent business act or practice." *Jackson v.*

ROSING PTT & STROHBEHN LLP
770 FIRST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

16

*Lara*, 100 Cal.App.5th 337, 346 (2024) (quoting Bus. & Prof. Code § 17200). "[A] plaintiff alleging an unfair business practice must show the defendant's conduct is tethered to an[] underlying constitutional, statutory or regulatory provision, or that it threatens an incipient violation of an antitrust law, or violates the policy or spirit of an antitrust law." *Id*. at p. 347 (citations omitted) (internal quotation marks omitted). "A plaintiff alleging unfair business practice must state with reasonable particularity the facts supporting the statutory elements of the violation. *Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 619 (1993).

Here, for the reasons laid out above, Plaintiff has not alleged any viable constitutional, statutory or regulatory provision violations by Weinstock. As such, to adequately plead a cause of action for unfair competition, Plaintiff must state facts demonstrating that Weinstock's conduct "threatens an incipient violation of an antitrust law or violates the policy or spirit of an antitrust law." *Durell v. Sharp Healthcare,* 183 Cal.App.4th 1350, 1366 (2010). None of Weinstock's alleged conduct concerns antitrust law; therefore, this cause of action should be dismissed pursuant to Rule 12(b).

## V.    <u>LEAVE TO AMEND WOULD BE FUTILE</u>

The Court has discretion to dismiss the complaint without leave to amend if the Court "determines that the pleadings could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). In other words, the Court may deny leave to amend where further amendment would be futile. *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002); see also, *Chaset v. Fleer/Skybox Int'l.*, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment). Given Weinstock's extremely limited role in the sale of Weiss' life insurance policies, Plaintiff cannot state facts sufficient to support its alleged causes of action against Weinstock. Allowing Plaintiff to amend the Complaint would achieve nothing other than to unnecessarily prolong

17

this litigation against Weinstock; therefore, the Complaint should be dismissed as to Weinstock without leave to amend.

## VI.    CONCLUSION

For the foregoing reasons, Weinstock respectfully requests that this Court dismiss the Complaint in its entirety, with prejudice.

ROSING POTT & STROHBEHN LLP

Dated:  March 27, 2026                    By:    /s/ *Sidra Zaheer*
                                                 Heather L. Rosing
                                                 Earll M. Pott
                                                 Sidra Zaheer
                                                 Attorneys for Defendants, MARTIN
                                                 NEUMANN, and WEINSTOCK
                                                 MANION, A LAW CORPORATION

ROSING POTT & STROHBEHN LLP
770 FIRST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

DEFENDANTS WEINSTOCK MANION AND MARTIN NEUMANN'S
MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

ROSING PTT & STROHBEHN LLP
770 FIRST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

## <u>CERTIFICATE OF SERVICE</u>

I am a citizen of the United States, over the age of 18, and not a party to this action. My business address is 770 First Avenue, San Diego, CA 92101. On March 27, 2026, I electronically filed the foregoing **DEFENDANTS WEINSTOCK MANION AND MARTIN NEUMANN'S MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** in this matter via the district court's CM/ECF system. I certify that all parties to this action are registered CM/ECF users and will be served electronically through CM/ECF.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed March 27, 2026 at San Diego, California.

/s/ *Sidra Zaheer*
Sidra Zaheer