Farah Tabibkhoei (SBN 266312)
**DOMINIUM LAW, APC**
5665 Wilshire Blvd. #1071
Los Angeles, CA 90036
Tel: (323) 364-4148
Farah@DominiumLaw.com
Attorneys for Defendants/Cross-Defendants
Alexander Gofer and Gofer Law Firm PC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

EMERGING MANAGER PLATFORM (2) LTD.,

PLAINTIFF,

v.

HADASSAH WEISS; MENACHEM WEISS; RACHEL WILHELM; ISSER M. ZEILINGOLD, individually and as Trustee of the Hadassah Weiss Irrevocable Life Insurance Trust; MARTIN NEUMANN; WEINSTOCK MANION, A LAW CORPORATION; SAMUEL EHRENTHAL; INSURED ON TIME SERVICES INC.; GREGG G. KIRSCHNER; JOSEPH M. LUCENT; THE SETTLEMENT GROUP, INC., dba Georgia Settlement Group; BENJAMIN STEIN; BENEFICIAL EXCHANGE LLC; MICHAEL GOLDMAN; PRIME BROOKSIDE LLC; ALEXANDER GOFER; and GOFER LAW FIRM PC;

DEFENDANTS.

CASE NO. 2:25-cv-12434-AB-KS

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS ALEXANDER GOFER AND GOFER LAW FIRM PC'S MOTION TO DISMISS COMPLAINT**

**[Fed. Rule Civ. Proc. 12(b)(2), 12(b)(5), 12(b)(6), 9(b), and 4(m)]**

Date: June 5, 2026
Time: 1:30pm
Courtroom: 7B, 7th Floor

- 1 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT

# TABLE OF CONTENTS

I.   INTRODUCTION ...............................................................................................- 1 -

II.  FACTUAL BACKGROUND.............................................................................- 2 -

III.   ARGUMENT ...................................................................................................- 4 -

   A.  This Court Lacks Personal Jurisdiction Over the Gofer Defendants................- 4 -

     1.   General Jurisdiction Is Absent................................................................- 5 -

     2.   Specific Jurisdiction Is Absent...............................................................- 5 -

     3.   RICO Does Not Cure the Jurisdictional Deficiency......................................- 7 -

   B.    Service of Process Was Defective Under Fed R. Civ. P. 4 ...........................- 8 -

   C.    Plaintiff Failed to File a Proof of Service Warranting Dismissal..................- 9 -

   D.    The Complaint Fails to Plead a Valid Claim Under Rule 12(b)(6)...............- 9 -

     1.   Plaintiff Fails to State a Claim for Fraudulent Inducement.........................- 10 -

     2.   Plaintiff Fails to State a Claim for Negligent Misrepresentation ................- 11 -

     3.   Plaintiff Fails to State a Claim for Aiding and Abetting Fraud...................- 12 -

     4.   Plaintiff Fails to State a Claim for Violation of the RICO Act ...................- 13 -

     5.   Plaintiff Fails to State a Claim for a Violation of the UCL .........................- 14 -

IV.   CONCLUSION ...............................................................................................- 16 -

# TABLE OF AUTHORITIES

Cases

*Almatar v. Reyes*,
2026 WL 719161 (C.D. Cal. Mar. 12, 2026)................................................................- 11 -

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .....................................................................................................- 10 -

*Bagley v. Beville*,
2014 WL 28999 (D. Nev. 2014) ...................................................................................- 13 -

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .....................................................................................................- 10 -

*Boschetto v. Hansing*,
539 F.3d 1011 (9th Cir. 2008) ........................................................................................- 7 -

*Brockmeyer v. May*,
383 F.3d 798 (9th Cir. 2004) ..........................................................................................- 8 -

*Bruns v. Ledbetter*,
583 F.Supp. 1050 (S.D. Cal. 1984) ..............................................................................- 11 -

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) .......................................................................................................- 6 -

*Butcher's Union Local No. 498 v. SDC Invest., Inc.*,
788 F.2d 535 (9th Cir. 1986)...........................................................................................- 8 -

*Calder v. Jones*,
465 U.S. 783 (1984) ...........................................................................................- 4 -, - 6 -

*Casey v. U.S. Bank Nat'l Ass'n*,
127 Cal. App. 4th 1138 (2005) .....................................................................................- 12 -

*Comwest, Inc. v. Am. Operator Servs., Inc.*,
765 F. Supp. 1467 (C.D. Cal. 1991) .............................................................................- 13 -

*Cox v. CoinMarketCap OPCO, LLC*,
112 F.4th 822 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 2846 (2025).........................- 5 -

*Data Disc, Inc. v. Systems Technology Assocs., Inc.*,
557 F.2d 1280 (9th Cir. 1977) .........................................................................................- 5 -

*Destfino v. Reiswig*,
630 F.3d 952 (9th Cir. 2011)........................................................................................- 11 -

*Doe v. Deutsche Lufthansa*,
157 F.4th 1103 (9th Cir. 2025) .......................................................................................- 5 -

*Downtown Crenshaw Rising v. Deutsche Bank*,
2026 WL 922239 (C.D. Cal. 2026).................................................................................- 5 -

*Glob. Master Int'l Grp, Inc. v. Esmond Nat., Inc.*,
76 F.4th 1266 (9th Cir. 2023).......................................................................................- 13 -

*Henry v. Lehman Commer. Paper, Inc. (In re First Alliance Mortg. Co.)*,
471 F.3d 977 (9th Cir. 2006).........................................................................................- 12 -

*Herrejon v. Ocwen Loan Servicing, LLC*,
980 F. Supp. 2d 1186 (E.D. Cal. 2013).........................................................................- 16 -

*I.B. v. Facebook, Inc.*,
905 F. Supp. 2d 989 (N.D. Cal. 2012) ..........................................................................- 16 -

*Impac Funding Corp. v. Endresen*,
2015 WL 13916649 (C.D. Cal. 2015)............................................................................- 12 -

*In re Textainer Partnership Sec. Litig.*,
2005 WL 3801596  (N.D.Cal.2005) ..............................................................................- 13 -

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945).........................................................................................................- 4 -

*James v. J2 Cloud Servs. Inc.*,
2019 WL 13398276 (C.D. Cal.2019) ............................................................................- 15 -

*Jiang v. Toudaotang Co.*,
2026 U.S. Dist. LEXIS 79744 (C.D. Cal. Mar. 31, 2026)............................................- 12 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ..................................................................................- 11 -, - 15 -
*Kowalsky v. Hewlett-Packard Co.*,
   771 F. Supp. 2d 1156 (C.D. Cal. 2011) ..................................................................................- 15 -
*Mattel, Inc. v. MGA Entm't, Inc.*
   782 F.Supp.2d 911 (C.D. Cal. 2011) ......................................................................................- 13 -
*Moore v. Kayport Package Express, Inc.*,
   885 F.2d 531 (9th Cir. 1989)....................................................................................................- 14 -
*Morrill v. Scott Fin. Corp.*,
   873 F.3d 1136 (9th Cir. 2017) ..................................................................................................- 7 -
*Nacarino v. Chobani, LLC*,
   668 F. Supp. 3d 881 (N.D. Cal. 2022) .....................................................................................- 16 -
*Neubronner v. Milken*,
   6 F.3d 666 (9th Cir. 1993)........................................................................................................- 14 -
*Petersen v. Allstate Indem. Co.*,
   281 F.R.D. 413 (C.D. Cal. Mar. 12, 2012)..............................................................................- 12 -
*PT United Can Co. Ltd. v. Crown Cork & Seal Co.*,
   138 F.3d 65 (2d Cir. 1998).........................................................................................................- 7 -
*Reves v. Ernst & Young*,
   507 U.S. 170 (1993) ..................................................................................................................- 14 -
*Rio Properties, Inc. v. Rio Int'l Interlink*,
   284 F.3d 1007 (9th Cir. 2002) ...................................................................................................- 5 -
*Schreiber v. Distrib. Co. v. Serv-Well Furniture Co.*,
   806 F.2d 1393 (9th Cir. 1986) ..................................................................................................- 14 -
*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004).........................................................................................- 4 -, - 6 -
*Shin v. Sanyo Foods Corp. of Am.*, 3
   48 F.R.D. 477 (C.D. Cal. 2025) ...............................................................................................- 11 -
*Small v. Fritz Companies, Inc.*,
   30 Cal. 4th 167 (2003)..............................................................................................................- 12 -
*Stanley v. Dr. ING. H.C.F. Porsche AG*,
   2025 U.S. Dist. LEXIS 227035 (C.D. Cal. Nov. 13, 2025)....................................................- 15 -
*Sullivan v. Oracle Corp.*,
   51 Cal.4th 1191 (2011)..............................................................................................................- 15 -
*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007)........................................................................................- 5 -, - 10 -
*UMG Recordings, Inc. v. Global Eagle Entm't, Inc.*,
   117 F. Supp. 3d 1092 (C.D. Cal. 2015) ..................................................................................- 12 -
*United Brotherhood of Carpenters & Joines of Am. v. Bldg. & Constr. Trades Dep't*,
   770 F.3d 834 (9th Cir. 2014).....................................................................................................- 13 -
*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ..................................................................................................- 11 -
*Walden v. Fiore*,
   571 U.S. 277 (2014) .......................................................................................................- 6 -, - 7 -
*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980).....................................................................................................................- 4 -
*Yi v. Circle K Stores, Inc.*,
   258 F. Supp. 3d 1075 (C.D. Cal. 2017), *aff'd*, 747 F. App'x 643 (9th Cir. 2019) ................- 10 -
*Zhang v GEICO Ins. Co.*,
   2025 U.S. Dist. LEXIS 269287 (C.D. Cal. Dec. 31, 2025)....................................................- 15 -

**Statutes**
18 U.S.C. § 1962 .............................................................................................................................- 7 -
18 U.S.C. § 1965(b).........................................................................................................................- 7 -
Busi. & Prof. Code section 17200...................................................................................................- 10 -
California Insurance Code sections 10113.1-10113.3.....................................................................- 16 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Fed. R. Civ. P. 12(b)(5) ............................................................................................- 8 -
Fed. R. Civ. P. 4 .......................................................................................................- 8 -
Fed. R. Civ. P. 4(e) ..................................................................................................- 8 -
Fed. R. Civ. P. 4(h) ..................................................................................................- 9 -
Fed. R. Civ. P. 4(m) .................................................................................................- 9 -

**Rules**
Local Rule 4-6 ...........................................................................................................- 9 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT

## I.    INTRODUCTION

Plaintiff Emerging Manager Platform (2) Ltd. ("EMP" or "Plaintiff"), a Bermuda-based entity, purchased a $10,000,000 life insurance policy on the life of defendant Hadassah Weiss ("Weiss").  EMP alleges "Defendants" conspired to inflate the value of the policy by falsifying Weiss' medical records and concealing the true source of the policy premiums.  Plaintiff sues the Gofer Defendants for fraudulent inducement, negligent misrepresentation, aiding and abetting fraud, RICO, and Unfair Competition and seeks to haul Alexander Gofer and Gofer Law Firm PC (collectively, the "Gofer Defendants"), an out-of-state lawyer and his law firm into this California forum, without any legal justification.

The Complaint should be dismissed for at least three independent reasons. ***First***, this Court lacks personal jurisdiction over the Gofer Defendants.  As shown in the Declaration of Alexander Gofer filed concurrently herewith, neither Alexander Gofer nor Gofer Law Firm PC are domiciled in California, maintain a California presence, or purposefully availed itself of California through any conduct in connection with the transactions alleged in the Complaint.  Vague allegations that each defendant "engaged in transactions to purchase and sell life insurance" (Doc. 1, at ¶ 7) involving a California citizen is not sufficient to establish personal jurisdiction over a non-California citizen and his out-of-state law firm who lacked minimum contacts with the State of California and had nothing to do with the alleged transactions.

***Second***, Plaintiff failed to effect service on the Gofer Defendants pursuant to Federal Rule of Civil Procedure 4 and cannot meet its burden to show service was valid. Moreover, Plaintiff failed to file a proof of service within 90 days of filing the Complaint.

***Finally***, the Complaint fails to plead factual allegations to state a viable claim.  The Complaint fails to plead factual allegations regarding the Gofer Defendants' involvement in any alleged wrongdoing and does not meet Rule 9(b)'s heightened pleading requirement for Plaintiff's fraud-based claims.  For these reasons, this Court should dismiss all claims against the Gofer Defendants.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
COMPLAINT

## II.    FACTUAL BACKGROUND

Plaintiff Emerging Manager Platform (2) Ltd. ("EMP") purchased and owns the rights to an insurance policy on the life of Hadassah Weiss ("Weiss"). Doc. 1 at ¶ 9. By way of background, on December 18, 2015, American General issued two life insurance policies on Weiss to the Hadassah Weiss Irrevocable Life Insurance Trust, Policy Nos. UM0202491L (the "'491L Policy") and UM0202492L (the "'492L Policy"). *Id.* at ¶ 31. Both policies had a face value amount of $10,000,000 and a death benefit of $10,000,000. *Id.*

In or about March 2016, Weiss and her husband wanted to cancel both policies and have funds paid toward the premium returned to them. *Id.* at ¶ 32. Their insurance agent allegedly refused. *Id.* at ¶ 32. In May 2016, Weiss and her insurance agent allegedly reached a Settlement Agreement pursuant to which the agent would reimburse Weiss some of the premiums paid. *Id.* at ¶ 33. Rather than being cancelled, the policies were allegedly sold through a "life settlement agreement to third party investors" on the secondary life insurance market. *Id.* at ¶ 34.

EMP alleges it was approached about a life settlement agreement for the '492L Policy in June 2019 and based on "life expectancy reports and the other misrepresented disclosures made by Defendants," on July 16, 2019, EMP agreed to purchase the '492L Policy. *Id.* at ¶¶ 54, 55.

On August 7, 2019, the rights, interest, and obligations in the '492L Policy were assigned to EMP, and EMP purchased the policy for $3.8 million and has since paid the premiums to keep the policy from lapsing. *Id.* at ¶¶ 63, 65. EMP alleges that in purchasing the '492L policy, it relied on the representations, warranties and covenants in a certain Life Settlement Application and Life Settlement Contract. *Id.* at ¶ 64.

EMP alleges that "Defendants intentionally misrepresented and failed to disclose the truth about Weiss' failure to pay the policies' premiums prior to selling them," "falsified various medical records and purposefully caused inaccurate life expectancy

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT

reports to be issued and relied upon in an effort to drive up the value of the policies on the secondary and tertiary life insurance market so that Defendants could reap a greater profit from the sales." *Id.* at ¶ 79. EMP alleges that as a result of "Defendants' fraudulent, unlawful, and wrongful acts and omissions, EMP has been damaged in an amount exceeding $6.7 million" or, alternatively, is entitled to rescind its purchase of the '492L Policy and receive all sums required to return it to the position it was in, prior to its purchase of the '492L policy. *Id.* at ¶ 80.

EMP alleges that Gofer and his law firm, Gofer Law Firm PC were "actively involved" with other defendants "with the acquisition and fraudulent sale of the Weiss insurance policies, including the sale of the policy to EMP" and "represented and w[ere] actively involved in helping facilitate the acquisition and fraudulent sale of the Weiss insurance policies" including the sale of the '492L policy to EMP.[1] *Id.* at ¶¶ 25-26.

As set forth in the declaration of Alex Gofer filed concurrently herewith, neither Alexander Gofer nor Gofer Law Firm PC had any involvement in the transactions that are the subject of the Complaint or Crossclaim. *See* Declaration of Alexander Gofer ("Gofer Decl."), ¶¶ 2-4. Neither Mr. Gofer nor Gofer Law Firm PC are domiciled, incorporated, or have a place of business in California and neither had any involvement in the procurement, application, issuance, underwriting, marketing, and with the sale and transactions that are the subject of the Complaint. *Id.* at ¶¶ 2, 4. Mr. Gofer did not represent any party in connection with the alleged transactions, did not provide any services in connection with the alleged transactions, and made no representations to any party of any kind with respect to the transactions alleged in the Complaint. *Id.* at ¶ 4. Gofer Law Firm PC does not maintain any offices in California and does not have employees, bank accounts, or real property in California. *Id.* at ¶ 2. Gofer Law Firm PC

[1] EMP further alleges Defendants allegedly found a purchaser for the '491L policy in January 2019 and then marketed and completed the sale of the '491L policy to an investor on February 7, 2019. EMP alleges that on or about January 9, 2019, at "Gofer's direction," documents signed and notarized by Weiss for the sale of the '491L Policy were prepared and sent. *Id.* at ¶ 46.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT

is not registered to do business in California, and Mr. Gofer is not licensed to practice law in the State of California.  *Id.*

On December 31, 2025, Plaintiff filed the Complaint in this action.  Doc. 1.  Plaintiff did not file a proof of service with the Court within 90 days of filing the Complaint showing service was effected on Mr. Gofer and Gofer Law Firm PC.

## III.   ARGUMENT

### A.   This Court Lacks Personal Jurisdiction Over the Gofer Defendants

A motion to dismiss under Rule 12(b)(2) requires the plaintiff to bear the burden of demonstrating that the court has personal jurisdiction over each defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Where the motion is decided without an evidentiary hearing, the plaintiff must make a prima facie showing of jurisdiction through affidavits, declarations, and other competent evidence. *Id.*

To subject a defendant to a personal judgment, due process requires that, "if he not be present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  The minimum contacts requirement's purpose is to protect a defendant against the burdens of litigating at a distant or inconvenient forum and ensure that states do not reach beyond the limits of their sovereignty imposed by their status in a federal system.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). Each defendant's contacts with the forum state must be assessed individually.  *Calder v. Jones*, 465 U.S. 783, 790, (1984).

Plaintiff bears the burden of establishing jurisdiction exists.  *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).  The court cannot assume the truth of allegations in a pleading contradicted by a sworn affidavit.  *Data Disc, Inc. v. Systems Technology Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977). Also, "bare

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT

bones" assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden. *Swartz v. KPMG, LLP*, 476 F.3d 756, 766 (9th Cir. 2007)(allegations that "[defendants] directed communication into the U.S. Western District of Washington and otherwise conducted business therein" insufficient to establish minimum contacts and a prima facie showing of personal jurisdiction).

### 1. General Jurisdiction Is Absent

There is no basis to exercise general jurisdiction over Gofer. "A court may exercise general jurisdiction only when a defendant is essentially at home in the State." *Doe v. Deutsche Lufthansa*, 157 F.4th 1103, 1110 (9th Cir. 2025). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Downtown Crenshaw Rising v. Deutsche Bank*, 2026 WL 922239, at *5 (C.D. Cal. 2026). For a corporation "the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Cox v. CoinMarketCap OPCO, LLC*, 112 F.4th 822, 834 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 2846 (2025).

Here EMP concedes that the Gofer Defendants are neither domiciled nor have any place of business in California. The Complaint does not allege the Gofer Defendants have engaged in substantial, continuous or systematic activities in California. Accordingly, the Court lacks general personal jurisdiction over the Gofer Defendants.

### 2. Specific Jurisdiction Is Absent

Specific jurisdiction requires that (1) the defendant purposefully directed its activities toward the forum state; (2) the plaintiff's claim arises out of or relates to those forum-directed activities; and (3) the exercise of jurisdiction is reasonable. *Schwarzenegger*, 374 F.3d at 802. The plaintiff bears the burden of satisfying the first two prongs. *Id.*

Courts apply the "purposeful availment" analysis to tort claims. *Id.* The defendant must have "expressly aimed" its tortious conduct at the forum state, knowing the "brunt

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT

of the injury" would be felt there. *Calder v. Jones*, 465 U.S. 783, 789–90 (1984). Critically, "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden v. Fiore*, 571 U.S. 277, 290 (2014). Random or attenuated contacts, or those premised on unilateral acts of a third party, are insufficient. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

The Complaint's jurisdictional allegations are meager. Plaintiff asserts that this Court has personal jurisdiction because defendants "specifically engaged in transactions to purchase and sell life insurance policy interests on an insured who is a resident of California." (Compl. ¶ 7). This allegation does not satisfy the purposeful availment standard as applied to the Gofer Defendants. As set forth in the Declaration of Alexander Gofer, the Gofer Defendants had absolutely no involvement in the transaction that is the subject of this lawsuit. (Gofer Decl. ¶¶ 2-5).

Additionally, the underlying transactions, being the sale and assignment of the '492L Policy, were structured and executed outside California. EMP is a Bermuda-based entity. (Doc. 1, ¶ 9.) The selling entities, SGI and the Trust, are based in Georgia and New York respectively. (*Id.*, ¶¶ 18, 20.) Although the Complaint notes that the escrow account was located in Irvine, California (*Id.*, ¶ 56), this was EMP's own unilateral choice of escrow. The Gofer Defendants played no role in the transaction. They cannot be hailed into California court based solely on the forum preferences of the plaintiff or a co-defendant. *See Walden*, 571 U.S. at 291; *Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008).

The Gofer Defendants engaged in no California-directed conduct of any kind in connection with EMP or the alleged transactions alleged in the Complaint. As set forth in the declaration of Alexander Gofer, neither Mr. Gofer nor Gofer Law Firm PC had any involvement in the procurement, application, issuance, underwriting, marketing, or sale and transactions that are the subject of the Complaint. He did not represent any party in

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT

connection with the alleged transactions, did not provide any services in connection with the alleged transactions, and made no representations to any party of any kind with respect to the transactions alleged in the Complaint.  Gofer Decl., ¶ 4. Allegations that other defendants purposefully availed themselves of the privileges of conducting business in California is not sufficient to establish jurisdiction over the Gofer Defendants.  *See Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (emphasizing the requirement that the defendant's own purposeful availment and not a third party's actions to be the basis for jurisdiction).

The fact that another defendant, Hadassah Weiss, resides in California does not remedy the absence of California contacts attributable to the Gofer Defendants. The alleged conduct of out-of-state actors that happens to concern a California insured does not, standing alone, give rise to personal jurisdiction in California.

### 3.    RICO Does Not Cure the Jurisdictional Deficiency

Plaintiff asserts a claim under RICO (18 U.S.C. § 1962).  RICO's nationwide service of process provision (18 U.S.C. § 1965(b)) permits a court to exercise personal jurisdiction over a RICO defendant who cannot otherwise be brought into the forum, but only if (1) the ends of justice require it and (2) the defendant has minimum contacts with the United States as a whole.  *PT United Can Co. Ltd. v. Crown Cork & Seal Co.*, 138 F.3d 65, 71 (2d Cir. 1998).

This provision does not subject the Gofer Defendants to the Court's jurisdiction for several reasons.  First, Plaintiff has not made the threshold showing that the "ends of justice" require hauling the Gofer Defendants into this forum when all other non-California defendants appear to be subject to suit in New York.  Second, the RICO nationwide service provision requires that there be at least one defendant who can be served in the forum district, and that the action as a whole cannot be brought elsewhere. *Butcher's Union Local No. 498 v. SDC Invest., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986).  Here, no such showing has been made.  Third, and most fundamentally, where the RICO

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT

claim itself fails to state a claim against the Gofer Defendants, the RICO jurisdictional hook disappears entirely.  As shown below, the Complaint fails to state an actionable claim against the Gofer Defendants.

**B.      Service of Process Was Defective Under Fed R. Civ. P. 4**

A motion to dismiss under Rule 12(b)(5) tests the sufficiency of the service of process.  Fed. R. Civ. P. 4.  The burden is on the plaintiff to establish that service was valid.  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  Dismissal is warranted because Plaintiff failed to properly serve the Gofer Defendants.  Fed. R. Civ. P. 12(b)(5). Rule 4(e) requires that service on an individual be made by: (1) following state law for serving a summons in a court of general jurisdiction in the state where the district court is located or where service is made; (2) delivering a copy of the summons and complaint to the individual personally; (3) leaving copies at the individual's dwelling or usual place of abode with a person of suitable age and discretion who resides there; or (4) delivering copies to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e).

Rule 4(h) requires that service on a corporation or association be made by delivering copies to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process, and by mailing copies to the defendant. Fed. R. Civ. P. 4(h).

Mr. Gofer, an attorney duly licensed to practice before all the courts in the State of New York and principal of Gofer Law Firm PC, was not properly served with the Summons and Complaint in this action, and no valid service has been effected upon Mr. Gofer or Gofer Law Firm PC.  Gofer Decl., ¶ 5.  Although Mr. Gofer anticipates Plaintiff will assert it served him in New York or Florida, Mr. Gofer does not reside in New York or Florida.  *Id.*, ¶ 3.

- 8 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Defective service deprives this Court of jurisdiction over the Gofer Defendants and requires dismissal under 12(b)(5) or, at minimum, quashing of service and a requirement that Plaintiff properly re-serve the Gofer Defendants within a defined period.

**C.     Plaintiff Failed to File a Proof of Service Warranting Dismissal.**

Federal Rule of Civil Procedure 4(m) requires that "if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Local Rule 4-6 requires that "[t]he plaintiff must file a proof of service within 14 days of service of the summons and complaint or receipt of a notice and acknowledgement of service. Failure to file a proof of service timely may result in the imposition of sanctions against the plaintiff, including but not limited to the dismissal of the defendant that was the subject of the proof of service."

Here, Plaintiff has not filed any proof of service showing that service was effected on Alexander Gofer or Gofer Law Firm PC, and certainly not within 90 days of the filing of the Complaint or within two weeks of service, warranting dismissal.  Thus, the Court should dismiss the Complaint as to Defendants Alexander Gofer or Gofer Law Firm PC, or alternatively, order Plaintiff to serve within a specified period.

**D.     The Complaint Fails to Plead a Valid Claim Under Rule 12(b)(6)**

To survive a Rule 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court need not accept as true conclusory allegations of law and unwarranted inferences. A claim is not plausible on its face where the complaint pleads facts that are "merely consistent with" liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  Plaintiff fails to state any viable claim for relief against the Gofer Defendants.  Plaintiff has not pleaded factual allegations to satisfy the elements of its claims for fraudulent inducement, negligent misrepresentation, aiding

and abetting fraud, RICO, and violation of Busi. & Prof. Code section 17200 against the Gofer Defendants.

### 1.    Plaintiff Fails to State a Claim for Fraudulent Inducement

To state a claim for fraudulent inducement, a plaintiff must plead facts showing (1) a misrepresentation; (2) knowledge of its falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) damages. *Yi v. Circle K Stores, Inc.*, 258 F. Supp. 3d 1075, 1087 (C.D. Cal. 2017), *aff'd*, 747 F. App'x 643 (9th Cir. 2019).   Here, the Complaint does not allege that the Gofer Defendants made any oral or written representations to Plaintiff, let alone that such statements were false.  At most, Plaintiff alleges the Gofer Defendants "represented and w[ere] actively involved in helping facilitate the acquisition and fraudulent sale" of insurance policies. Doc. 1 at ¶ 25.  This general allegation is not sufficient to state a claim for fraudulent inducement and certainly does not meet heightened pleading requirements as discussed below.

Plaintiff cannot allege a claim for fraud by relying on general allegations regarding the conduct of "Defendants," without pleading what specific actions were taken by Alexander Gofer and Gofer Law Firm PC.  See *Swartz*, 476 F.3d at 764-65 ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together"); *Almatar v. Reyes*, 2026 WL 719161, at *4 (C.D. Cal. Mar. 12, 2026) (dismissing complaint that "improperly lump[ed] the various Defendants together without explaining each one's role in the scheme").  Plaintiffs "must distinguish among those they sue and enlighten each defendant as to his or her part in the alleged fraud." *Bruns v. Ledbetter*, 583 F.Supp. 1050, 1052 (S.D. Cal. 1984); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (stating a plaintiff must plead the "who, what, when, where, and how" of the alleged fraud).  Fraud averments failing to meet the Rule 9(b) standard are disregarded and the remaining allegations evaluated to see if a valid claim has been stated.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003).  Allegations that "everyone did everything" justify dismissal of the complaint. *Destfino v. Reiswig*, 630 F.3d 952, 958

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT

(9th Cir. 2011).  Here, Plaintiff's conclusory allegations that the Gofer Defendants "represented and were actively involved" with the other defendants "with the acquisition and fraudulent sale of the Weiss insurance policies, including the sale of the policy to EMP", and that they "help[ed] facilitate the acquisition and fraudulent sale of the Weiss insurance policies on behalf of other defendants" do not satisfy the heightened pleading requirements of Rule 9(b).  Doc. 1 at ¶¶ 25-26.  There are no allegations of what the Gofer Defendants did, let alone that they had knowledge of any improper conduct relating to the acquisition or sale of the Weiss insurance policies. Plaintiff's failure to allege specific actions by the Gofer Defendants dooms their claim.

### 2.    Plaintiff Fails to State a Claim for Negligent Misrepresentation

"The same elements comprise a cause of action for negligent misrepresentation [as for fraud], except there is no requirement of intent to induce reliance."  *Shin v. Sanyo Foods Corp. of Am.*, 348 F.R.D. 477, 486 (C.D. Cal. 2025).  To state a claim for negligent misrepresentation, a plaintiff must plead facts showing "(1) 'a misrepresentation of a past or existing material fact'; (2) 'without reasonable grounds for believing it to be true'; (3) 'with intent to induce another's reliance on the fact misrepresented'; (3) 'justifiable reliance thereon by the party to whom the misrepresentation was directed'; and (5) 'damages'".  *Petersen v. Allstate Indem. Co.*, 281 F.R.D. 413 (C.D. Cal. Mar. 12, 2012) (quoting *Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167 (2003)). Here, the Complaint contains no factual allegations of any false statements made to Plaintiff by the Gofer Defendants without reasonable grounds for believing them to be true. See Doc. 1 at ¶¶ 25-26.  Allegations that the Gofer Defendants were "actively involved" with other defendants "with the acquisition and fraudulent sale of the Weiss insurance policies, including the sale of the policy to EMP" is not sufficient.  Nor do those allegations meet the heightened specificity  requirement of Rule 9(b).  See *UMG Recordings, Inc. v. Global Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1106 (C.D. Cal. 2015); *Jiang v. Toudaotang Co.*, 2026 U.S. Dist. LEXIS 79744, *6-*7 (C.D. Cal. Mar. 31, 2026).

- 11 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Nowhere does the Complaint allege any false statements attributable to the Gofer Defendants.

### 3. Plaintiff Fails to State a Claim for Aiding and Abetting Fraud

The third claim for aiding and abetting fraud requires having actual knowledge that a primary wrong is being committed and giving substantial assistance or encouragement in the commission of that wrong. *Henry v. Lehman Commer. Paper, Inc. (In re First Alliance Mortg. Co.)*, 471 F.3d 977, 993 (9th Cir. 2006) (citing *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1144 (2005)). "Federal Rule of Civil Procedure 9(b) requires that all elements of aiding and abetting a fraud must be pleaded with particularity." *Impac Funding Corp. v. Endresen*, 2015 WL 13916649, at *2 (C.D. Cal. 2015).

Conclusory allegations that Mr. Gofer and Gofer Law Firm PC were "actively involved" alongside other defendants "with the acquisition and fraudulent sale of the Weiss insurance policies, including the sale of the policy to EMP" does not meet the particularity requirements of Rule 9(b) or plausibly allege the Gofer Defendants had actual knowledge of any fraud being committed or that they gave substantial assistance or encouragement or provided substantial assistance to other Defendants to commit fraud. Doc. 1 at ¶ 25. Federal courts have consistently rejected such conclusory allegations of aiding and abetting. *Bagley v. Beville*, 2014 WL 28999, at *3 (D. Nev. 2014) (Dismissing aiding and abetting claim as conclusory. "Plaintiff does not present any details regarding what specific acts performed by the defendants constituted aiding and abetting or how any individual defendant contributed to the alleged breach of fiduciary duty by [the other] defendant."); *In re Textainer Partnership Sec. Litig.*, 2005 WL 3801596 *16 (N.D.Cal.2005) (dismissing claims for aiding and abetting because plaintiff's allegations were conclusory as to both elements); *Comwest, Inc. v. Am. Operator Servs., Inc.,* 765 F. Supp. 1467, 1471 (C.D. Cal. 1991) (dismissing conclusory allegations of fraud and aiding and abetting fraud).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT

### 4.    Plaintiff Fails to State a Claim for Violation of the RICO Act

The Racketeer Influenced and Corrupt Organizations Act (RICO) "was passed to curb the corruption and misuse of America's enterprises" and "seeks to protect enterprises from being infiltrated and operated through acts of racketeering like murder, extortion, bribery, fraud, and obstruction of justice." *Mattel, Inc. v. MGA Entm't, Inc.* 782 F.Supp.2d 911, 1018 (C.D. Cal. 2011). To state a claim for violation of RICO, a plaintiff must plead "'(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as "predicate acts") (5) causing injury to plaintiff's business or property.'" *Glob. Master Int'l Grp, Inc. v. Esmond Nat., Inc.*, 76 F.4th 1266, 1271 (9th Cir. 2023) (quoting *United Brotherhood of Carpenters & Joines of Am. v. Bldg. & Constr. Trades Dep't*, 770 F.3d 834, 837 (9th Cir. 2014)). To prevail on civil RICO claims, a plaintiff must demonstrate "(1) injury to business or property (2) by reason of the alleged violations of RICO's substantive provisions." *Mattel, Inc.*, 782 F. Supp. 2d at 1019. A plaintiff must plead factual allegations showing a defendant conducted or participated in the conduct of an enterprise's affairs through a pattern of racketeering activity. *See* 18 U.S.C. § 1962(c) (prohibiting conduct or participation in the conduct of an enterprise's affairs through a pattern of racketeering").

Here, the Complaint does not allege any facts showing the Gofer Defendants committed any predicate acts (such as mail or wire fraud), describe any particular communications or transactions they engaged in as part of an enterprise, or explain how they "conducted" the affairs of any enterprise with sufficient particularity. As the Ninth Circuit Court has held, a plaintiff must "plead the circumstances of the fraudulent acts that form the alleged pattern of racketeering activity with sufficient specificity pursuant to Fed. R. Civ. P. 9(b)" to withstand a motion to dismiss. *Schreiber v. Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400 (9th Cir. 1986). Plaintiffs must allege the "time, place and nature of the alleged fraudulent activities." *Moore v. Kayport Package*

- 13 -

*Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).[2]  Plaintiff's vague and conclusory assertion that the Gofer Defendants were "actively involved" in the "acquisition and fraudulent sale of the Weiss insurance policies" and helped "facilitate the acquisition and fraudulent sale" of these policies is insufficient.  *See Reves v. Ernst & Young*, 507 U.S. 170, 177–85 (1993) (holding that professional service providers do not "conduct" enterprise affairs merely by rendering services to the enterprise).  Although Plaintiff alleges the '492L Policy was acquired through the use of "interstate mail and wire transactions," Plaintiff fails to plead any facts showing what predicate acts were committed by Alexander Gofer and Gofer Law Firm PC and when, where, and how they committed them. See Doc. 1 at ¶¶ 116, 117.  In fact, the Complaint is devoid of allegations of Alexander Gofer and Gofer Law Firm PC's involvement in any pattern of racketeering activity, lacks the requisite specificity, and therefore this claim should be dismissed.

### 5.    Plaintiff Fails to State a Claim for a Violation of the UCL

Plaintiff also fails to state a claim under the California Unfair Competition Law ("UCL").  First, the general presumption that California law does not apply extraterritorially applies to the UCL.  *Sullivan v. Oracle Corp.*, 51 Cal.4th 1191, 1207 (2011).  The UCL generally does not apply where the occurrence that gave rise to the claim was outside California.  *Id.* at 1207-08. (UCL did not apply to failure to pay overtime to workers paid outside California.) *See James v. J2 Cloud Servs. Inc.*, 2019 WL 13398276, at *10 (C.D. Cal.2019)  (UCL did not apply to fraudulent conduct committed outside California and directed to plaintiff who was not a California resident.)

---

[2] Allegations of fraud based "on information and belief" do not satisfy Rule 9(b)'s particularity requirement and at a minimum must be accompanied by a statement of the facts on which the belief is founded and should include the misrepresentations themselves with particularity and, where possible, the roles of the individual defendants in the misrepresentations. *Id.*; *see also Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (allegations made on information and belief must be supported by "the factual basis for the belief").

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Here, the transaction at issue was between parties located outside California.  Plaintiff has shown no basis why the UCL should apply to this transaction.

Even if the UCL did apply, under the fraudulent prong, a plaintiff must plead that the members of the public are likely to be deceived by the business practice or advertising at issue. *Kowalsky v. Hewlett-Packard Co.*, 771 F. Supp. 2d 1156, 1159 (C.D. Cal. 2011). In addition, a UCL claim based on unfair business practices sounding in fraud must meet Rule 9(b)'s heightened pleading requirement.  See *Zhang v GEICO Ins. Co.*, 2025 U.S. Dist. LEXIS 269287, at *38 (C.D. Cal. Dec. 31, 2025) (citing *Kearns*, 567 F.3d at 1125). Here, Plaintiff does not plead fraud with specificity and fails to plead that members of the public are likely to be deceived by any business practice or advertising by the Gofer Defendants.  Moreover, because the underlying fraud-based claims fail as against the Gofer Defendants, the UCL claim necessarily fails as well.  See *Stanley v. Dr. ING. H.C.F. Porsche AG*, 2025 U.S. Dist. LEXIS 227035, at *13-14 (C.D. Cal. Nov. 13, 2025).

Moreover, although almost any law can serve as the basis for an action for violation of the UCL under the unlawful prong, a plaintiff must plead facts showing a violation of the law itself.  See *Herrejon v. Ocwen Loan Servicing, LLC*, 980 F. Supp. 2d 1186, 1205 (E.D. Cal. 2013) ("A UCL claim is further subject to dismissal given the complaint's failure to allege a predicate violation of law to support a UCL claim").  Here, Plaintiff alleges, in general terms, that "Defendants have violated and are continuing to violate numerous state life settlement brokerage regulations and other related laws, statutes and ordinances, including but not limited to California Insurance Code sections 10113.1-10113.3, restricting the sale of life settlements by unlicensed brokers . . . ."  Doc. 1 at ¶ 137.  However, there is no allegation that the Gofer Defendants violated any of these laws, acted as an unlicensed broker, or sold any insurance policies.  Nor is there any allegation that the Gofer Defendants are governed by these Insurance Code sections.  As shown in the Gofer Decl., the Gofer Defendants had nothing to do with the sale of the Weiss insurance policies at issue in this action, so the California Insurance Code does not

- 15 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT

apply to them and Plaintiff has not pleaded any violation to support its UCL claim. Because Plaintiff fails to plead factual allegations showing Mr. Gofer, a non-Californian attorney, and his out-of-state firm are subject to, governed by, or violated the California Insurance Code or any law for that matter, the UCL claim should be dismissed. See *I.B. v. Facebook, Inc.*, 905 F. Supp. 2d 989, 1010 (N.D. Cal. 2012) (dismissing CLRA claim on the basis that Facebook Credits did not constitute "goods and services" within the meaning of the Act and could not support a UCL claim, stating "the CLRA is not applicable to the Facebook Credits at issue here and the CLRA claim, as well as the UCL claim based on it, are dismissed without leave to amend).

Additionally, a UCL claim must be dismissed where an adequate remedy at law exists. *Nacarino v. Chobani, LLC*, 668 F. Supp. 3d 881, 894 (N.D. Cal. 2022). Here, Plaintiff has an adequate remedy at law, which bars its UCL claim. See Doc. 1 at 37 (Prayer, ¶ 1 seeking monetary damages).

## IV. CONCLUSION

For the foregoing reasons, the Gofer Defendants respectfully request that this Court dismiss the first, second, third, fourth, and seventh claims for relief for fraudulent inducement, negligent misrepresentation, aiding and abetting fraud, RICO, and violation of Busi. & Prof. Code section 17200, respectively, against the Gofer Defendants, in their entirety, with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), 12(b)(6), 9(b), and 4(m). Alternatively, the Court should quash the defective service of process and order Plaintiff to properly effect service within a specified period, while reserving all other defenses for further motion practice.

Dated: April 16, 2026

DOMINIUM LAW, APC

By: /s/ Farah Tabibkhoei
Farah Tabibkhoei
Attorneys for Defendants/Cross-
Defendants Alexander Gofer and Gofer

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Law Firm PC

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT