Baruch C. Cohen, Esq. (SBN 159455)
**LAW OFFICE OF BARUCH C. COHEN**
        A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
(323) 323-353-9535
e-mail: baruchcohen@baruchcohenesq.com

*Attorney Specially Appearing for Defendants Michael Goldman and Prime Brookside LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

(WESTERN DIVISION - LOS ANGELES)

| | |
|---|---|
| EMERGING MANAGER PLATFORM (2) LTD, <br><br> Plaintiff, <br><br> v. <br><br> HADASSAH WEISS; MENACHEM WEISS; RACHEL WILHELM; ISSER M ZEILINGOLD, individually and as Trustee of the Hadassah Weiss Irrevocable Life Insurance Trust; MARTIN NEUMANN; WEINSTOCK MANION, A LAW CORPORATION; SAMUEL EHRENTHAL; INSURED ON TIME SERVICES INC.; JOSEPH M. LUCENT; THE SETTLEMENT GROUP, INC. dba GEORGIA SETTLEMENT GROUP; BENJAMIN STEIN; BENEFICIAL EXCHANGE LLC; MICHAEL GOLDMAN; PRIME BROOKSIDE LLC; ALEXANDER GOFER; and GOFER LAW FIRM PC <br><br> Defendants. | USDC # 2:25-cv-12434-AB-SK <br><br> Assigned to: Hon. Andre Birotte Jr <br> Referred to: Hon. Karen L. Stevenson <br><br> Action Filed: December 31, 2025 <br><br> **DEFENDANTS MICHAEL GOLDMAN AND PRIME BROOKSIDE LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 12(b)(5) AND 4(m); MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date: 8-21-2026 <br> Time: 10:00am <br> Place: 350 W 1st St, Los Angeles <br> Courtroom 7B |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that Defendants Michael Goldman and Prime Brookside LLC ("Defendants") will specially appear and move this Court, on August 21, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable André Birotte Jr. in Courtroom 7B of the Felicitas and Gonzalo Mendez United States Courthouse, 350 W. 1st Street, Los Angeles, California 90012, pursuant to Rules 12(b)(5) and 4(m) of the Federal Rules of Civil

7/20-2:39pm

Procedure, for an order dismissing the Complaint filed by Plaintiff Emerging Manager Platform (2) Ltd. ("Plaintiff") on the grounds that Plaintiff failed to serve Defendants within the 90-day period required by Rule 4(m) and this Court's January 21, 2026 Standing Order [Dkt. 13], and that Plaintiff's belated purported service of process is independently invalid and insufficient under Rule 4 and applicable state law.

This Motion is made pursuant to this Court's July 9, 2026 in-chambers order, which discharged the Court's June 4, 2026 Order to Show Cause Re: Dismissal for Lack of Prosecution [Dkt. 74] and directed Defendants Michael Goldman and Prime Brookside LLC to "file any responsive pleading, including a motion to dismiss for improper service, in accordance with this Court's Local Rules by the amended deadline of July 20, 2026."

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declarations of Michael Goldman and Baruch C. Cohen filed concurrently herewith, the complete files and records in this action, and upon such further oral and documentary evidence as may be presented at or before the hearing on this Motion.

DATED:       July 20, 2026          LAW OFFICE OF BARUCH C. COHEN
                                    A Professional Law Corporation

                                    By ___*/s/ Baruch C. Cohen*_____
                                    Baruch C. Cohen, Esq.
                                    *Attorney Specially Appearing for* Defendants
                                    *Michael Goldman and Prime Brookside LLC*

7/20-2:39pm                                    -2-

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

      FACTUAL AND PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

      LEGAL STANDARD. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

      ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

              Plaintiff Failed to Serve Defendants Within Rule 4(m)'s 90-Day Period, and Cannot Show Good Cause for the Delay. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

              Even Accepting Plaintiff's Account, the Purported June 10, 2026 Service Is Independently Invalid . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

              Dismissal Is the Appropriate Remedy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

      CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

**TABLE OF AUTHORITIES**

**CASES**

*Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

*Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

*In re Sheehan*, 253 F.3d 507, 512-13 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . -4-, -6-

*S.E.C. v. Internet Solutions for Business Inc.*, 509 F.3d at 1163 . . . . . . . . . . . . . . . . . . . . . . . . -7-

*Townsel v. County of Contra Costa*, 820 F.2d 319, 320 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . -5-

*Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

**STATUTES**

Cal. Code Civ. Proc. § 415.20(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-, -6-

Fed. R. Civ. P. 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

Fed. R. Civ. P. 4(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

Fed. R. Civ. P. 4(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

7/20-2:39pm

Fed. R. Civ. P. 4(h)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-, -6-

Fed. R. Civ. P. 4(m) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-, -4-

Fed. R. Civ. P. 12(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-, -3-

1.   **MEMORANDUM OF POINTS AND AUTHORITIES**

  a.   **INTRODUCTION**

Plaintiff Emerging Manager Platform (2) LTD ("Plaintiff") filed this action on December 31, 2025. Under Fed. R. Civ. P. 4(m) and this Court's January 21, 2026 Standing Order [Dkt. 13], Plaintiff was required to serve Defendants Michael Goldman and Prime Brookside LLC ("Defendants") no later than March 31, 2026. Plaintiff did not do so. Plaintiff took no action to serve Defendants, sought no extension of the Rule 4(m) deadline, and made no showing of good cause - until after the Court, on its own motion, issued an Order to Show Cause Re: Dismissal for Lack of Prosecution on June 4, 2026 [Dkt. 74].

Only then did Plaintiff file a purported Proof of Service claiming that Mr. Goldman was served through substituted service, and Prime Brookside LLC through personal service, on June 10, 2026 - more than seventy days after the Rule 4(m) deadline had already expired. [Dkts. 76, 77.] That belated service is itself defective: both proofs of service identify the person served as "Jeffrey Decom" (or "Jeff Decom") at 32 Decatur Avenue, Spring Valley, New York 10977. As set forth in the accompanying Declaration of Michael Goldman, Mr. Goldman does not reside at that address, is unfamiliar with any person named Jeffrey Decom, never authorized any such person to accept service on his behalf or on behalf of Prime Brookside LLC, and was never served with the Summons and Complaint in this action.

Dismissal is warranted on two independent grounds: (1) Plaintiff failed to effect service within the time required by Fed. R. Civ. P. 4(m), and cannot show good cause for that failure; and (2) even accepting Plaintiff's account of the June 10, 2026 service at face value, that service does not satisfy the requirements of Fed. R. Civ. P. 4 or California law and is therefore insufficient under Fed. R. Civ. P. 12(b)(5).

  b.   **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff commenced this action on December 31, 2025. [Dkt. 1.] On January 21, 2026, the Court entered its Initial Standing Order, which requires a plaintiff to promptly serve the Complaint and file proofs of service, and provides that any defendant not served within ninety days of filing must be dismissed pursuant to Rule 4(m). [Dkt. 13.] Ninety days from December 31,

2025 is March 31, 2026.

As early as January 16, 2026, undersigned counsel advised Plaintiff's counsel that Mr. Goldman had not been served and requested clarification regarding service.[1] (Declaration of Baruch C. Cohen ("Cohen Decl.")  Plaintiff's counsel acknowledged that service had not been completed and indicated only that further attempts would be made.[2]  Plaintiff thus had actual knowledge of the service defect more than two months before the Rule 4(m) deadline expired, and took no corrective action of record during that period.

On June 4, 2026, the Court, on its own motion, ordered Plaintiff to show cause in writing why this action should not be dismissed for lack of prosecution. [Dkt. 74.] Only in response to that Order did Plaintiff file two purported Proofs of Service, both filed on June 11, 2026, addressing the same purported service events of June 10, 2026:

Proof of Service as to Michael Goldman (Dkt. 76, Page ID #:1475-1477): Filed June 11, 2026, this three-page proof states that Mr. Goldman was served on Wednesday, June 10, 2026, at 3:07 p.m., through substituted service under Cal. Code Civ. Proc. § 415.20, by leaving the documents with an individual identified as "Jeffrey Decom" at 32 Decatur Avenue, Spring Valley, New York 10977 - checked on the form as Mr. Goldman's "Residence or Usual Place of Abode." The proof is signed by process server Michael Rokicsak of First Legal and executed June 11, 2026. Attached to the same Dkt. 76 filing, at Page ID #:1477, is a separate Proof of Service by Mail reflecting that a copy of the same documents was placed in the U.S. mail, first class, postage prepaid, on Thursday, June 11, 2026, from Santa Ana, California 92701, addressed to Mr. Goldman at the identical Spring Valley, New York address, per registered California process server David Ledesma (#2891, Orange County).[3]

---

[1] A true and correct copy of Defendants' counsel's 1-16-2026 letter to Plaintiff's counsel is attached hereto as Exhibit "1" and is incorporated herein by this reference.

[2] A true and correct copy of Plaintiff's counsel's 1-16-2026 response letter to Defendant's counsel is attached hereto as Exhibit "2" and is incorporated herein by this reference.

[3] A true and correct copy of the Proof of Service as to Michael Goldman (Dkt. 76, Page ID #:1475-1477): Filed June 11, 2026 is attached hereto as Exhibit "3" and is incorporated herein by this reference.

7/20-2:39pm

-2-

Proof of Service as to Prime Brookside LLC (Dkt. 77, Page ID #:1478): Filed the same day, June 11, 2026, this one-page proof asserts that Prime Brookside LLC was served on the identical date and at the identical time - Wednesday, June 10, 2026, at 3:07 p.m. - through purported personal service upon the same individual, "Jeffrey Decom," described on the form as "Agent for Service of Process" and served under Fed. R. Civ. P. 4. This proof is likewise signed by Michael Rokicsak of First Legal and executed June 11, 2026.[4]

Both purported services thus rest on the same person, the same out-of-state address, and the identical minute-by-minute timestamp, yet were filed only after - and evidently in direct response to - the Court's June 4, 2026 Order to Show Cause, more than seventy days after the Rule 4(m) deadline of March 31, 2026 had already expired.

Undersigned counsel promptly disputed the validity of that service in a June 11, 2026 letter to the Court [Dkt. 78],[5] and again in a June 16, 2026 supplemental letter responding to Plaintiff's June 12, 2026 Response to the Order to Show Cause [Dkt. 79, 81].[6] Those letters set forth, among other things, that Mr. Goldman does not reside at the Spring Valley, New York address identified in the proof of service, does not know any individual named Jeffrey Decom, and never authorized any such individual to accept service on his or Prime Brookside LLC's behalf. (Cohen Decl.  6-8; Declaration of Michael Goldman ("Goldman Decl.")  3-7.)

On July 9, 2026, the Court, on its own motion, continued the Scheduling Conference and the pending motions to dismiss to October 16, 2026, discharged its June 4, 2026 Order to Show Cause, and ordered: "Defendants Michael Goldman and Prime Brookside LLC to file any responsive pleading, including a motion to dismiss for improper service, in accordance with this Court's Local Rules by the amended deadline of July 20, 2026." This Motion follows that order.

---

[4] A true and correct copy of the Proof of Service as to Prime Brookside LLC (Dkt. 77, Page ID #:1478): Filed the same day, June 11, 2026 is attached hereto as Exhibit "4" and is incorporated herein by this reference.

[5] A true and correct copy of Defendants' counsel's 6-11-2026 letter to the court is attached hereto as Exhibit "5" and is incorporated herein by this reference.

[6] A true and correct copy of Defendants' counsel's 6-15-2026 letter to the court is attached hereto as Exhibit "6" and is incorporated herein by this reference.

7/20-2:39pm                                                -3-

c.   **LEGAL STANDARD**

A defendant may move to dismiss a complaint under Fed. R. Civ. P. 12(b)(5) for insufficient service of process. Once service is challenged, the plaintiff bears the burden of establishing the validity of service. *S.E.C. v. Internet Solutions for Business Inc*., 509 F.3d 1161, 1163 (9th Cir. 2007) ("A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence."); see also *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc*., 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4," and, absent substantial compliance with Rule 4, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.") (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)).

Rule 4(m) separately requires a plaintiff to serve a defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). If service is not made within that period and the plaintiff shows good cause for the failure, the court must extend the time for service. Id. If the plaintiff fails to show good cause, the court retains discretion to either dismiss the action without prejudice or extend the time for service. *In re Sheehan*, 253 F.3d 507, 512-13 (9th Cir. 2001); *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). In exercising that discretion, courts consider factors including whether the applicable statute of limitations would bar re-filing, whether the defendant had actual notice of the claims, and whether the defendant would be prejudiced. *Efaw v. Williams*, 473 F.3d at 1041. These factors are not academic. In *Efaw*, the Ninth Circuit held that a district court abused its discretion by extending the service deadline where the plaintiff's delay was lengthy and unexplained, the defendant had no actual notice of the action, and the defendant was prejudiced by the death of a key witness during the delay. Id. at 1041-42. The court vacated the resulting judgment and ordered the action dismissed. Id.

For an individual, Fed. R. Civ. P. 4(e) permits service by following the law of the state where the district court is located or where service is made, or by delivering a copy to the individual personally, leaving a copy at the individual's dwelling with someone of suitable age and discretion who resides there, or delivering a copy to an authorized agent. Fed. R. Civ. P. 4(e).

7/20-2:39pm

-4-

California's substitute-service statute, in turn, requires that the summons and complaint be left at the person's usual place of abode or business with a person at least 18 years of age, in apparent charge, followed by mailing a copy - and only after a plaintiff shows reasonable diligence in first attempting personal service. Cal. Code Civ. Proc. § 415.20(b). For an entity such as an LLC, Fed. R. Civ. P. 4(h) requires service on an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1).

d.   **ARGUMENT**

i.   **Plaintiff Failed to Serve Defendants Within Rule 4(m)'s 90-Day Period, and Cannot Show Good Cause for the Delay**

The relevant dates are not in dispute. Plaintiff filed the Complaint on December 31, 2025. The Rule 4(m) deadline therefore expired on March 31, 2026. Even accepting Plaintiff's own account of events, service on Defendants was not attempted until June 10, 2026 - more than seventy days after that deadline lapsed, and only after the Court issued its Order to Show Cause. A plaintiff who has complied with Rule 4(m) does not need to seek an extension of the Rule 4(m) deadline after the fact; Plaintiff's own request for additional time is itself an acknowledgment that service was not timely accomplished.

Nor can Plaintiff establish good cause for that delay. As of January 16, 2026, Plaintiff's counsel had actual knowledge that Mr. Goldman had not been served, and Plaintiff still had more than two months remaining before the Rule 4(m) deadline expired. (Cohen Decl. ¶ 4.) Despite that knowledge, Plaintiff did not complete service, did not seek alternative means of service, did not request an extension, and did not seek any relief from the Court prior to expiration of the deadline. A defendant's decision not to waive formal service - which Fed. R. Civ. P. 4(d) permits but does not require - does not excuse a plaintiff's independent obligation to accomplish service within the time the Federal Rules allow.

Plaintiff's unexplained inaction is precisely the kind of neglect that courts in this Circuit have consistently held insufficient to establish good cause. Counsel's own scheduling difficulties, inattention, or simple failure to prioritize service - even when sincerely described - do not rise to the level of good cause. See *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (counsel's

7/20-2:39pm

-5-

inadvertent failure to calendar the service deadline does not constitute good cause, because "the good cause exception would swallow the rule" if it did); *Townsel v. County of Contra Costa*, 820 F.2d 319, 320 (9th Cir. 1987) (counsel's asserted unfamiliarity with the service deadline likewise insufficient). The same is true here: Plaintiff's counsel knew of the service defect for more than two months before the deadline expired and offers no explanation for the ensuing silence beyond generalized difficulty - the same category of unexplained inaction *Wei* and *Townsel* found wanting.

Absent good cause, the decision whether to dismiss or extend time rests in the Court's discretion. *In re Sheehan*, 253 F.3d at 512. Here, that discretion favors dismissal: Plaintiff has offered no explanation for its inaction between January and June 2026 beyond generalized reference to difficulty in effecting service, and took no steps of record to bring that difficulty to the Court's attention until compelled to do so by the Order to Show Cause.

      ii.    **Even Accepting Plaintiff's Account, the Purported June 10, 2026 Service Is Independently Invalid**

Plaintiff's proofs of service reflect that both Mr. Goldman and Prime Brookside LLC were purportedly served through delivery to a single individual, "Jeffrey Decom" (or "Jeff Decom"), at 32 Decatur Avenue, Spring Valley, New York 10977. [Dkts. 76, 77.] Defendants dispute that this constituted valid service under any applicable rule.

As to Mr. Goldman, individually: Mr. Goldman does not reside at the Spring Valley, New York address identified in the proof of service, is unfamiliar with any individual named Jeffrey Decom, and never authorized Mr. Decom - or anyone else at that address - to accept service of process on his behalf. (Goldman Decl.  3-6.) Substitute service under Cal. Code Civ. Proc. § 415.20(b) is valid only when made at the defendant's actual usual place of abode or business, upon a person of suitable age who is in fact in apparent charge of that address, and only after the plaintiff has exercised reasonable diligence to first attempt personal service. Plaintiff cannot satisfy that standard by serving an address with no connection to Mr. Goldman and a recipient with no authority to accept on his behalf.

As to Prime Brookside LLC: the same proof of service identifies Mr. Decom as

7/20-2:39pm

-6-

"authorized to accept service" and reflects purported personal service on the entity. But Fed. R. Civ. P. 4(h)(1) requires service on an officer, a managing or general agent, or an agent otherwise authorized by appointment or by law. Plaintiff has offered no basis - and Defendants are aware of none - establishing that Mr. Decom held any such role or authorization with respect to Prime Brookside LLC. (Goldman Decl.  7.)

Because Plaintiff bears the burden of proving the validity of contested service, and because the record establishes that the individual purportedly served had no connection to, and no authority to accept service on behalf of, either Defendant, Plaintiff cannot meet that burden. *S.E.C. v. Internet Solutions for Business Inc.*, 509 F.3d at 1163.

### iii.   **Dismissal Is the Appropriate Remedy**

Defendants respectfully submit that dismissal, rather than a further extension, is warranted. Plaintiff has now had more than six months since filing the Complaint, and more than five months since being placed on actual notice of the service defect, without accomplishing valid service on either Defendant. The pattern of delay - inaction until prompted by the Court's own Order to Show Cause, followed by a purported service effected at an address and through a person unconnected to either Defendant - does not reflect the diligence Rule 4(m) requires. Defendants do not, by this Motion, waive and expressly reserve all other defenses available under Rule 12, including those relating to personal jurisdiction, venue, and the sufficiency of the Complaint's allegations, to the extent Plaintiff attempts to effect service in the future.

### e.   **CONCLUSION**

For the foregoing reasons, Defendants Michael Goldman and Prime Brookside LLC respectfully request that the Court grant this Motion and dismiss the Complaint as against them pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m), or grant such other relief as the Court deems just and proper.

DATED:      July 20, 2026                LAW OFFICE OF BARUCH C. COHEN
                                        A Professional Law Corporation

                                        By ____*/s/ Baruch C. Cohen*_____
                                        Baruch C. Cohen, Esq.
                                        *Attorney Specially Appearing for Defendants*
                                        *Michael Goldman and Prime Brookside LLC*

7/20-2:39pm

-7-

## **11-6.2. CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for *Defendants* Michael Goldman and Prime Brookside LLC, certifies that this brief contains 2727 words, which complies with the word limit of L.R. 11-6.1.

## DECLARATION OF BARUCH C. COHEN

I, BARUCH C. COHEN, declare and state as follows:

1. The facts stated below are true and correct to the best of my personal knowledge and if called upon to testify to them, I could and would competently do so.

2. I am a member in good standing and eligible to practice before the following courts: California State Supreme Court; United States Court of Appeals - Ninth Circuit; Bankruptcy Appellate Panel; United States District Courts: Central District of California; Eastern District of California; Northern District of California; and Southern District of California.

3. I am the principal shareholder and President of The Law Office of Baruch C. Cohen, a Professional Law Corporation, located at 4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

4. I proudly represent Defendants Michael Goldman and Prime Brookside LLC.

5. This Declaration is in support of **DEFENDANTS MICHAEL GOLDMAN AND PRIME BROOKSIDE LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 12(b)(5) AND 4(m)**

6. Plaintiff filed the Complaint in this action on December 31, 2025. [Dkt. 1.] Pursuant to Fed. R. Civ. P. 4(m) and this Court's January 21, 2026 Standing Order [Dkt. 13], Plaintiff was required to serve Defendants no later than March 31, 2026.

7. On January 16, 2026, I contacted Plaintiff's counsel to advise that Mr. Goldman had not been served and to request clarification regarding the status of service.[7] Plaintiff's counsel acknowledged that service had not yet been completed and indicated only that further attempts would be made.[8]

---

[7] A true and correct copy of Defendants' counsel's 1-16-2026 letter to Plaintiff's counsel is attached hereto as Exhibit "1" and is incorporated herein by this reference.

[8] A true and correct copy of Plaintiff's counsel's 1-16-2026 response letter to Defendant's counsel is attached hereto as Exhibit "2" and is incorporated herein by this reference.

7/20-2:39pm

-9-

8.    Plaintiff did not thereafter serve Defendants, seek an extension of the Rule 4(m) deadline, or otherwise seek relief from the Court regarding service prior to expiration of the Rule 4(m) deadline on March 31, 2026.

9.    On June 4, 2026, the Court, on its own motion, ordered Plaintiff to show cause in writing why this action should not be dismissed for lack of prosecution. [Dkt. 74.] Only in response to that Order did Plaintiff file two purported Proofs of Service, both filed on June 11, 2026, addressing the same purported service events of June 10, 2026:

a.    Proof of Service as to Michael Goldman (Dkt. 76, Page ID #:1475-1477): Filed June 11, 2026, this three-page proof states that Mr. Goldman was served on Wednesday, June 10, 2026, at 3:07 p.m., through substituted service under Cal. Code Civ. Proc. § 415.20, by leaving the documents with an individual identified as "Jeffrey Decom" at 32 Decatur Avenue, Spring Valley, New York 10977 - checked on the form as Mr. Goldman's "Residence or Usual Place of Abode." The proof is signed by process server Michael Rokicsak of First Legal and executed June 11, 2026. Attached to the same Dkt. 76 filing, at Page ID #:1477, is a separate Proof of Service by Mail reflecting that a copy of the same documents was placed in the U.S. mail, first class, postage prepaid, on Thursday, June 11, 2026, from Santa Ana, California 92701, addressed to Mr. Goldman at the identical Spring Valley, New York address, per registered California process server David Ledesma (#2891, Orange County).[9]

b.    Proof of Service as to Prime Brookside LLC (Dkt. 77, Page ID #:1478): Filed the same day, June 11, 2026, this one-page proof asserts that Prime Brookside LLC was served on the identical date and at the identical time - Wednesday, June 10, 2026, at 3:07 p.m. - through purported personal service upon the same individual, "Jeffrey Decom," described on the form as "Agent for Service of Process" and

_____

[9] A true and correct copy of the Proof of Service as to Michael Goldman (Dkt. 76, Page ID #:1475-1477): Filed June 11, 2026 is attached hereto as Exhibit "3" and is incorporated herein by this reference.

7/20-2:39pm                                                      -10-

served under Fed. R. Civ. P. 4. This proof is likewise signed by Michael Rokicsak of First Legal and executed June 11, 2026.[10]

    c.    Both purported services thus rest on the same person, the same out-of-state address, and the identical minute-by-minute timestamp, yet were filed only after - and evidently in direct response to - the Court's June 4, 2026 Order to Show Cause, more than seventy days after the Rule 4(m) deadline of March 31, 2026 had already expired.

10.    I promptly disputed the validity of that service in a June 11, 2026 letter to the Court [Dkt. 78],[11] and again in a June 16, 2026 supplemental letter responding to Plaintiff's June 12, 2026 Response to the Order to Show Cause [Dkt. 79, 81].[12] Those letters set forth, among other things, that Mr. Goldman does not reside at the Spring Valley, New York address identified in the proof of service, does not know any individual named Jeffrey Decom, and never authorized any such individual to accept service on his or Prime Brookside LLC's behalf.

11.    On July 9, 2026, the Court entered an in-chambers order continuing the Scheduling Conference and pending motions to dismiss to October 16, 2026, discharging its June 4, 2026 Order to Show Cause, and ordering Defendants Michael Goldman and Prime Brookside LLC to file any responsive pleading, including a motion to dismiss for improper service, by July 20, 2026. This Motion is filed in compliance with that order.

12.    The facts set forth in this declaration, and the accompanying Motion, are based on the docket in this action and my own communications with Plaintiff's counsel, and are true and correct to the best of my knowledge.

---

[10] A true and correct copy of the Proof of Service as to Prime Brookside LLC (Dkt. 77, Page ID #:1478): Filed the same day, June 11, 2026 is attached hereto as Exhibit "4" and is incorporated herein by this reference.

[11] A true and correct copy of Defendants' counsel's 6-11-2026 letter to the court is attached hereto as Exhibit "5" and is incorporated herein by this reference.

[12] A true and correct copy of Defendants' counsel's 6-15-2026 letter to the court is attached hereto as Exhibit "6" and is incorporated herein by this reference.

7/20-2:39pm

-11-

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed July 20, 2026, at Los Angeles, California.

By /s/ *Baruch Cohen*

Baruch C. Cohen

7/20-2:39pm

-12-

**DECLARATION OF MICHAEL GOLDMAN**

I, MICHAEL GOLDMAN, declare and state as follows:

1.  The facts stated below are true and correct to the best of my personal knowledge and if called upon to testify to them, I could and would competently do so.

2.  I am a defendant in this action, individually, and am the President of defendant Prime Brookside LLC.

3.  This Declaration is in support of **DEFENDANTS MICHAEL GOLDMAN AND PRIME BROOKSIDE LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 12(b)(5) AND 4(m).**

4.  I have reviewed the Proof of Service filed by Plaintiff on June 11, 2026 [Dkt. 76], which states that I was served with the Summons and Complaint in this action on June 10, 2026 through substituted service upon an individual identified as "Jeffrey Decom," at 32 Decatur Avenue, Spring Valley, New York 10977, followed by mailing a copy to that address.

5.  I do not reside at 32 Decatur Avenue, Spring Valley, New York 10977, and have never resided at that address.

6.  I am not acquainted with, and have no knowledge of, any individual named Jeffrey Decom or Jeff Decom.

7.  I never authorized Jeffrey Decom, or any other individual, to accept service of process on my behalf in this action.

8.  I was never personally served, and never received by mail, a copy of the Summons and Complaint in this action in connection with the purported June 10, 2026 service.

9.  I have also reviewed the Proof of Service filed by Plaintiff purporting to reflect personal service of the Summons and Complaint on Prime Brookside LLC on June 10, 2026, through the same individual, Jeffrey Decom, described as "authorized to accept service." [Dkt. 77.] Mr. Decom was never an officer, member, managing agent, or authorized agent of Prime Brookside LLC, and was never authorized by Prime Brookside LLC, or by me on

its behalf, to accept service of process.

10.   I first learned of this lawsuit through my attorney, Baruch C. Cohen, and not through any service of process by Plaintiff.

I declare under penalty of perjury under the laws of the State of New York (and California) that the foregoing is true and correct.

Executed July 20, 2026, at Monsey, NY.

By *Michael Goldman*

Michael Goldman

7/20-2:39pm

-14-

# EXHIBIT "1"

Law Office of
# Baruch C. Cohen, Esq.
A Professional Law Corporation

---

4929 Wilshire Boulevard, Suite 940                          Telephone: (323) 353-9535
Los Angeles, California 90010-3823
Email: baruchcohen@baruchcohenesq.com   bcc4929@gmail.com

January 16, 2026

*Via email:* jonathan.hersey@klgates.com, keian.vahedy@klgates.com,
robert.mouradian@klgates.com,

Jonathan P. Hersey, Esq
Keian Vahedy, Esq.
Robert Mouradian, Esq.
K&L GATES LLP
1 Park Plaza, 12th Floor
Irvine, California 92614

Re:     **Emerging Manager Platform (2) Ltd., vs. Michael Goldman, USDC #
        2:25-cv-12434-AB-SK - Meet and Confer re: Anticipated Rule 12(b)(2) and 12(b)(6)
        Motion – Defendant Michael Goldman**

Dear Jonathan P. Hersey, Esq., Keian Vahedy, Esq., & Robert Mouradian, Esq:

I represent Defendant Michael Goldman in *Emerging Manager Platform (2) Ltd. v. Michael
Goldman*, U.S. District Court, Central District of California, Case No. 2:25-cv-12434-AB-SK. It
is my understanding that Mr. Goldman has not been served with the Complaint. If that
understanding is incorrect, please provide me with a copy of the executed proof of service.

Pursuant to Local Rule 7-3, this letter serves as our good-faith meet-and-confer in advance of
filing a motion to dismiss under Rules 12(b)(2) and 12(b)(6), Federal Rules of Civil Procedure.

After a careful, element-by-element review of the Complaint, it is clear that the claims against
Mr. Goldman are jurisdictionally and substantively defective and cannot be cured by amendment.

**1. Lack of Personal Jurisdiction – Rule 12(b)(2)**

The Complaint affirmatively pleads that Mr. Goldman is a citizen and resident of New York and
alleges no California residence, office, property, banking, employees, registration, or physical
presence. Jurisdiction is asserted only through collective allegations that "Defendants" engaged
in transactions involving a California insured. That is constitutionally insufficient.

Under *Walden v. Fiore*, 571 U.S. 277, 284–86 (2014), *Schwarzenegger v. Fred Martin Motor
Co.*, 374 F.3d 797, 802–04 (9th Cir. 2004), and *Picot v. Weston*, 780 F.3d 1206, 1212–14 (9th
Cir. 2015), personal jurisdiction must be established on a defendant-by-defendant basis and must
arise from the defendant's own forum-directed conduct, not from group pleading, enterprise
allegations, or the forum contacts of alleged co-conspirators. The Complaint pleads no phone

Page 1 of  3

call, email, meeting, escrow activity, contracting, wire transfer, marketing, or travel by Mr. Goldman into or directed toward California. Every Goldman-specific allegation places his conduct in New York..

Nor does the Complaint plead facts satisfying 18 U.S.C. § 1965(b)'s "ends of justice" requirement for RICO nationwide service. It alleges no reason why Mr. Goldman cannot be sued in New York, no inability to obtain complete relief there, and no necessity for haling him into this District. As pled, the Court lacks personal jurisdiction as a matter of constitutional due process.

**2. Failure to State a Claim – Rule 12(b)(6)**

Even assuming arguendo that personal jurisdiction existed, the Complaint fails to state a claim under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–70 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662, 678–84 (2009), *Reves v. Ernst & Young*, 507 U.S. 170, 179–85 (1993), and Federal Rule of Civil Procedure 9(b).

**Reves / Operation or Management**: The Complaint does not allege that Mr. Goldman directed, managed, or operated the affairs of any RICO enterprise. At most, it alleges funding, coordination, and association. Financing and awareness are legally insufficient under *Reves v. Ernst & Young*.

**Predicate Acts / Rule 9(b)**: No fraud predicate is pled with particularity as to Mr. Goldman. The Complaint identifies no statement by him, no date, no recipient, no medium, no content, no reliance, and no causation. Instead, it relies on impermissible "Defendants" group pleading, which is fatal under Ninth Circuit law.

Continuity and Proximate Cause: The Complaint pleads no closed- or open-ended continuity attributable to Mr. Goldman and no direct causal nexus between any Goldman-specific act and Plaintiff's alleged injury, as required by *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239–43 (1989), *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 268–74 (1992), *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 457–61 (2006), and *Hemi Group, LLC v. City of New York*, 559 U.S. 1, 9–12 (2010).

**Conspiracy and Aiding-and-Abetting**: The allegations consist of conclusory labels ("agreed," "conspired," "assisted") without facts showing knowledge of the essential nature of the scheme or agreement to further racketeering acts, which fails under § 1962(d) and **Twombly/Iqbal**.

In short, the Complaint substitutes association for conduct, labels for elements, and group pleading for constitutional and statutory requirements.

**3. Requested Relief**

Unless Plaintiff is prepared to voluntarily dismiss Mr. Goldman from this action without prejudice, we will file a combined motion to dismiss asserting: Lack of personal jurisdiction under Rule 12(b)(2), supported by a sworn jurisdictional declaration; and Failure to state a claim under Rule 12(b)(6), including an element-by-element *Reves* analysis and a Rule 9(b) particularity chart.

Please advise by January 22, 2026 whether Plaintiff will dismiss Mr. Goldman, or whether you wish to confer telephonically before the motion is filed. I will be out of the country next week

and will be returning to my office on January 22, 2026.


Respectfully,

*Baruch Cohen*

BARUCH C. COHEN
cc;      Michael Goldman
D:\DATA\DOCS\GOLDMAN\EMERGING MANAGER V. WEISS\OPC-1.LTR.wpd
1/16-3:15pm

**EXHIBIT "2"**



BARUCH COHEN <baruchcohen@baruchcohenesq.com>

## EMERGING MANAGER PLATFORM (2) LTD., VS. MICHAEL GOLDMAN, USDC # 2:25-CV-12434-AB-SK - MEET AND CONFER RE: ANTICIPATED RULE 12(B)(2) AND 12(B)(6) MOTION – DEFENDANT MICHAEL GOLDMAN

**Hersey, Jonathan P.** <Jonathan.Hersey@klgates.com>      Fri, Jan 16, 2026 at 3:55 PM
To: "baruchcohen@baruchcohenesq.com" <baruchcohen@baruchcohenesq.com>
Cc: "Vahedy, Keian" <Keian.Vahedy@klgates.com>, "Mouradian, Robert" <Robert.Mouradian@klgates.com>

Mr. Cohen, thank you for the letter. We are certainly willing to discuss the grounds for your intended motions and our oppositions before the motions would need to be drafted and filed. We are not aware that your client has been served yet, although the process server has already been engaged and we expect them to be making the service attempts imminently. Would your client agree to waive service per FRCP 4(d)? If so, we'd propose to provide the waiver form and service documents to you, with the hope that we could also agree on an time for your client to file his responsive pleading coordinated with the response dates (and briefing/hearing schedules) that may be requested by other defendants.

Regards,

Jon Hersey

**K&L GATES**

**Jonathan P. Hersey**
K&L Gates LLP
1 Park Plaza, 12th Floor
Irvine, CA 92614
Office: (949) 623-3570
jonathan.hersey@klgates.com
www.klgates.com

[Quoted text hidden]

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Jonathan.Hersey@klgates.com.

**EXHIBIT "3"**

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| Jonathan P. Hershey, Esq. (SBN 189240)<br>K&L GATES LLP<br>1 PARK PLAZA 12TH FLOOR<br>IRVINE , CA 92614<br>Telephone No: (949) 253-0900<br><br>Attorney For: Plaintiff | |

| Ref. No. or File No.: |
|---|
| 8010304.00001 |

*Insert name of Court, and Judicial District and Branch Court:*
UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA

*Plaintiff:* EMERGINING MANAGER PLATFORM (2) LTD.
*Defendant:* HADASSAH WEISS, et al.

| **PROOF OF SERVICE** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>2:25-cv-12434-AB-(SKx) |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the Summons in a Civil Action; Complaint and Demand for Jury Trial ; Civil Cover Sheet; Standing Order for Civil Cases Assigned to Judge Birotte; Application to file Portions of Complaint and Exhibits Under Seal ; Unsealed Hersey Decl and Exhs iso Motion to File Under Seal; Notice of Assignment to United States Judges; Notice to Parties of Court-Directed ADR Program; Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge; Certification and Notice of Interested Parties (LOCAL RULE 7.1-1); Notice of Related Case Pursuant to Civ. L.R. 83-1.3 ; [Proposed] Order Granting Application to File Portions of Complaint and Exhibits Under Seal

3. a.  Party served:  MICHAEL GOLDMAN

4. Address where the party was served:  32 Decatur Avenue, Spring Valley, NY 10977

5. I served the party:
   a. **by substituted service.**  On: Wed, Jun 10 2026 at: 03:07 PM by leaving the copies with or in the presence of:
   JEFFREY DECOM, Authorized to Accept Service / Served under CCP § 415.20

   (1) [X]  **(Residence or Usual Place of Abode)** a person of suitable age and discretion who resides there.
   (2) [ ]  **(Company)** a Person in charge at least 18 years of age apparently in charge of the office or usual place of business of the person served. I informed him or her of the general nature of the papers.
   (3) [X]  **(Declaration of Mailing)** is attached.
   (4) [ ]  **(Declaration of Diligence)** attached stating actions taken first to attempt personal service.



|  | PROOF OF<br>SERVICE | 16077508<br>*(14231138)*<br>Page 1 of 2 |
|---|---|---|

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| Jonathan P. Hershey, Esq. (SBN 189240) K&L GATES LLP 1 PARK PLAZA 12TH FLOOR IRVINE , CA 92614 Telephone No: (949) 253-0900 | | |

Attorney For:  Plaintiff

Ref. No. or File No.:
8010304.00001

Insert name of Court, and Judicial District and Branch Court:
UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA

Plaintiff:  EMERGINING MANAGER PLATFORM (2) LTD.
Defendant:  HADASSAH WEISS, et al.

| PROOF OF SERVICE | Hearing Date: | Time: | Dept/Div: | Case Number: 2:25-cv-12434-AB-(SKx) |
|---|---|---|---|---|

**6. Person Who Served Papers:**
 a. Michael Rokicsak
 b. FIRST LEGAL
  600 W. Santa Ana Blvd., Ste. 101
  SANTA ANA, CA 92701
 c. (714) 541-1110

 d. *The Fee for Service was:* $773.20
 e. I am: Not a Registered California Process Server

7.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

06/11/2026
(Date)

*Michael Rokicsak*
(Signature)



PROOF OF
SERVICE

16077508
(14231138)

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| Jonathan P. Hershey, Esq. (SBN 189240)<br>K&L GATES LLP<br>1 PARK PLAZA 12TH FLOOR<br>IRVINE , CA 92614<br>Telephone No: (949) 253-0900<br><br>Attorney For: Plaintiff | |
| Ref. No. or File No.:<br>8010304.00001 | |

Insert name of Court, and Judicial District and Branch Court:
UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA

Plaintiff: EMERGINING MANAGER PLATFORM (2) LTD.
Defendant: HADASSAH WEISS, et al.

| PROOF OF SERVICE<br>By Mail | Hearing Date: | Time: | Dept/Div: | Case Number:<br>2:25-cv-12434-AB-(SKx) |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occurred.

2. I served copies of the Summons in a Civil Action; Complaint and Demand for Jury Trial ; Civil Cover Sheet; Standing Order for Civil Cases Assigned to Judge Birotte; Application to file Portions of Complaint and Exhibits Under Seal ; Unsealed Hersey Decl and Exhs iso Motion to File Under Seal; Notice of Assignment to United States Judges; Notice to Parties of Court-Directed ADR Program; Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge; Certification and Notice of Interested Parties (LOCAL RULE 7.1-1); Notice of Related Case Pursuant to Civ. L.R. 83-1.3 ; [Proposed] Order Granting Application to File Portions of Complaint and Exhibits Under Seal

3. By placing a true copy of each document in the United States mail, in a sealed envelope by **First Class** mail with postage prepaid as follows:
   a. Date of Mailing: Thu, Jun 11, 2026
   b. Place of Mailing: SANTA ANA, CA 92701
   c. Addressed as follows: MICHAEL GOLDMAN
       32 Decatur Avenue, Spring Valley, NY 10977

4. I am readily familiar with the business practice for collection and processing of correspondence as deposited with the U.S. Postal Service on Thu, Jun 11, 2026 in the ordinary course of business.

Recoverable cost Per CCP 1033.5(a)(4)(B)

5. **Person Serving:**
   a. David Ledesma (2891, Orange County)
   b. FIRST LEGAL
      600 W. Santa Ana Boulevard, Suite 101
      SANTA ANA, CA 92701
   c. (714) 541-1110

   d. **The Fee** for Service was: $773.20
   e. I am: A Registered California Process Server

6. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

06/11/2026

(Date)

(Signature)

Judicial Council Form
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
BY MAIL

16077508
(14231138)

FL
FIRSTLEGAL

**EXHIBIT "4"**

| Attorney or Party without Attorney: | | | | For Court Use Only |
|---|---|---|---|---|
| Jonathan P. Hershey, Esq. (SBN 189240)<br>K&L GATES LLP<br>1 PARK PLAZA 12TH FLOOR<br>IRVINE , CA 92614 | | | | |
| Telephone No: (949) 253-0900 | | | | |
| Attorney For: Plaintiff | | Ref. No. or File No.:<br>8010304.00001 | | |
| Insert name of Court, and Judicial District and Branch Court:<br>UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA | | | | |
| Plaintiff: EMERGINING MANAGER PLATFORM (2) LTD.<br>Defendant: HADASSAH WEISS, et al. | | | | |
| PROOF OF SERVICE | Hearing Date: | Time: | Dept/Div: | Case Number:<br>2:25-cv-12434-AB-(SKx) |

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons in a Civil Action; Complaint and Demand for Jury Trial ; Civil Cover Sheet; Standing Order for Civil Cases Assigned to Judge Birotte; Application to file Portions of Complaint and Exhibits Under Seal ; Unsealed Hersey Decl and Exhs iso Motion to File Under Seal; Notice of Assignment to United States Judges; Notice to Parties of Court-Directed ADR Program; Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge; Certification and Notice of Interested Parties (LOCAL RULE 7.1-1); Notice of Related Case Pursuant to Civ. L.R. 83-1.3 ; [Proposed] Order Granting Application to File Portions of Complaint and Exhibits Under Seal

3. a. Party served: PRIME BROOKSIDE LLC
   b. Person served: JEFFREY DECOM, Agent for Service of Process / Served under F.R.C.P. Rule 4.

4. *Address where the party was served:* 32 Decatur Avenue, Spring Valley, NY 10977

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Wed, Jun 10 2026 (2) at: 03:07 PM

6. **Person Who Served Papers:**
   a. Michael Rokicsak
   b. **FIRST LEGAL**
      600 W. Santa Ana Blvd., Ste. 101
      SANTA ANA, CA 92701
   c. (714) 541-1110

   d. *The Fee for Service was:* $598.20

7. *I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

06/11/2026
*(Date)*

*(Signature)*



**PROOF OF SERVICE**

*16083394*
*(14231140)*

**EXHIBIT "5"**

Law Office of
# Baruch C. Cohen, Esq.
A Professional Law Corporation

---

4929 Wilshire Boulevard, Suite 940                         Telephone: (323) 353-9535
Los Angeles, California 90010-3823
Email: baruchcohen@baruchcohenesq.com   bcc4929@gmail.com

June 11, 2026

Hon. André Birotte Jr.
United States District Judge
Felicitas and Gonzalo Mendez United States Courthouse
350 W 1st St
Courtroom 7B, 7th Floor
Los Angeles CA 90012

Re:     **Case No. 2:25-cv-12434-AB-SK**
        **Emerging Manager Platform (2) Ltd. vs. Michael Goldman**
        **Response to [In Chambers] Order To Show Cause Re:**
        **Dismissal for Lack of Prosecution**

Dear André Birotte Jr.:

I represent Defendants Michael Goldman and Prime Brookside LLC.

I write in response to the Court's June 4, 2026 Order to Show Cause Re Dismissal for Lack of
Prosecution [Doc. 74], as well as Plaintiff's June 11, 2026 Proof of Service [Doc. 76].

The chronology is straightforward.

Plaintiff filed this action on December 31, 2025. Under Federal Rule of Civil Procedure 4(m),
Plaintiff was required to serve Defendants within ninety days, i.e., no later than March 31, 2026.
Plaintiff did not do so.

Judge Birotte's January 21, 2026 Standing Order similarly required Plaintiff to promptly serve the
Complaint and file proofs of service and expressly provides that any defendant not served within
ninety days after the filing of the action must be dismissed pursuant to Rule 4(m). [Doc. 13.] The
Rule 4(m) deadline expired more than two months ago.

Only after this Court issued its Order to Show Cause concerning Plaintiff's failure to prosecute
did Plaintiff file a purported Proof of Service claiming that Mr. Goldman was served on June 10,
2026. [Doc. 76.]

Even if that filing were accepted at face value, it establishes noncompliance with Rule 4(m).
Service allegedly occurred more than seventy days after the deadline expired.

Moreover, the purported service did not occur. The Proof of Service states that Mr. Goldman was served through an individual identified as "Jeff Decom" at 32 Decatur Avenue, Spring Valley, New York 10977. Mr. Goldman does not reside at that address. He is unfamiliar with any individual named "Jeff Decom." He has never authorized any such individual to accept service on his behalf. Most importantly, he was never served with the Summons and Complaint in this action.

Accordingly, Plaintiff now faces two independent problems. First, Plaintiff failed to comply with Rule 4(m) and this Court's Standing Order by failing to timely serve Defendants within ninety days of filing the Complaint. Second, Plaintiff's newly filed Proof of Service is disputed in its entirety.

Plaintiff cannot claim surprise. As early as January 16, 2026, I advised Plaintiff's counsel that Mr. Goldman had not been served and requested clarification regarding service. Plaintiff acknowledged that service had not been completed and indicated only that further attempts would be made.

Despite having actual notice of the service issue, Plaintiff failed to complete service within the Rule 4(m) period, failed to seek an extension of time, failed to request relief from the deadline, and failed to demonstrate good cause for the delay.

Instead, after the Court issued its Order to Show Cause, Plaintiff submitted a Proof of Service claiming service at an address where Mr. Goldman does not reside through an individual Mr. Goldman does not know and never authorized to accept service.

Rule 4(m) exists for a reason. Litigation cannot remain dormant indefinitely while a plaintiff fails to accomplish the most basic prerequisite to proceeding with a lawsuit.

Under these circumstances, dismissal pursuant to Rule 4(m) is warranted.

Respectfully,

*Baruch Cohen*

BARUCH C. COHEN
cc:     Michael Goldman

D:\DATA\DOCS\GOLDMAN\EMERGING MANAGER V. WEISS\J-BIROTTE-01.LTR.wpd
6/11-3:48pm

Page 2 of  2

**EXHIBIT "6"**

Law Office of
# Baruch C. Cohen, Esq.
A Professional Law Corporation

---

4929 Wilshire Boulevard, Suite 940                     Telephone: (323) 353-9535
Los Angeles, California 90010-3823
Email: baruchcohen@baruchcohenesq.com   bcc4929@gmail.com

June 15, 2026

Hon. André Birotte Jr.
United States District Judge
Felicitas and Gonzalo Mendez United States Courthouse
350 W 1st St
Courtroom 7B, 7th Floor
Los Angeles CA 90012

**Re:    Case No.: 2:25-cv-12434-AB-SK**
**Emerging Manager Platform (2) Ltd. vs. Michael Goldman**
**Supplemental Response to Plaintiff's Response to Order to Show Cause Re**
**Dismissal for Lack of Prosecution**

Dear Judge André Birotte Jr.:

I represent Defendants Michael Goldman and Prime Brookside LLC.

I write in response to Plaintiff Emerging Manager Platform (2) Ltd's, 6-12-2026 Response to
Order to Show Cause Re: Dismissal for Lack of Prosecution [ECF 74] [Doc-79].
Plaintiff's response confirms the very issue identified by the Court's Order to Show Cause. The
relevant dates are not disputed.

Plaintiff filed this action on December 31, 2025. Pursuant to Rule 4(m), Plaintiff was required to
serve Defendants no later than March 31, 2026. Plaintiff did not do so.

Plaintiff's response acknowledges that service was not allegedly accomplished until June 10, 2026
– more than seventy days after expiration of the Rule 4(m) deadline.

Accordingly, even accepting Plaintiff's version of events in its entirety, Plaintiff failed to comply
with Rule 4(m).

Rather than addressing that failure, Plaintiff devotes much of its response to arguing that
Defendants declined to waive service and that service proved difficult.

Neither point establishes compliance with Rule 4(m).

Rule 4(d) permits a defendant to waive service. **It does not require a defendant to do so.**
Defendants were entitled to insist upon proper service under the Federal Rules. A defendant's
decision not to waive service cannot excuse a plaintiff's failure to comply with Rule 4(m).

Indeed, as early as January 2026, Plaintiff was aware that Defendants had not been served and that
formal service would be required. Plaintiff therefore had more than two months remaining before

expiration of the Rule 4(m) deadline. Despite that knowledge, Plaintiff did not complete service, seek alternative service, request an extension of time, seek relief from the Court, or otherwise obtain an order extending the Rule 4(m) deadline.

Instead, Plaintiff allowed the deadline to expire.

**Only after** the Court issued its June 4, 2026 Order to Show Cause did Plaintiff attempt to cure its Rule 4(m) problem by filing a purported Proof of Service and seeking additional time to effect service.

That request itself is telling. A party that has complied with Rule 4(m) does not need an extension of the Rule 4(m) deadline. Plaintiff's request implicitly acknowledges that service was not timely accomplished.

There is a second and independent problem.

Defendants dispute the purported June 10, 2026 service in its entirety.

As set forth in Defendants' June 11, 2026 response, the Proof of Service states that Mr. Goldman was allegedly served through an individual identified as "Jeff Decom" at 32 Decatur Avenue, Spring Valley, New York 10977. Mr. Goldman does not reside at that address. He is unfamiliar with any individual named "Jeff Decom." He has never authorized any such individual to accept service on his behalf. Most importantly, he was never served with the Summons and Complaint in this action.

Accordingly, Defendants dispute Plaintiff's assertion that it "effected service" on June 10, 2026. Plaintiff's response repeatedly treats the validity of service as an established fact. It is not. The purported service is disputed in its entirety. Plaintiff cannot establish proper service merely by repeatedly asserting that proper service occurred.

The Court need not resolve that dispute, however, to decide the issue presented by the OSC. Even under Plaintiff's version of events, service was not accomplished within the period prescribed by Rule 4(m).

Plaintiff's response demonstrates effort. It does not demonstrate compliance. More importantly, it does not demonstrate good cause for allowing the Rule 4(m) deadline to expire without service, without a motion for extension, and without seeking relief from the Court.

For those reasons, Defendants respectfully submit that dismissal pursuant to Rule 4(m) remains warranted.

Respectfully,

*Baruch Cohen*

BARUCH C. COHEN

cc;     Michael Goldman

D:\DATA\DOCS\GOLDMAN\EMERGING MANAGER V. WEISS\J-BIROTTE-02.LTR.wpd
6/15-7:49pm