LAW OFFICES OF SHALOM RUBANOWITZ
Shalom Rubanowitz, State Bar No. 176544
8383 Wilshire Boulevard
Suite 830
Beverly Hills, CA 90211
Tel: (310) 860-6380
Fax: (310) 860-6385
Email: shalom@shalomlawoffice.net

*Attorney Specially Appearing for Defendant Isser M. Zeilingold*

**IN UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EMERGING MANAGER PLATFORM (2) LTD., Plaintiff, v. HADASSAH WEISS; MENACHEM WEISS; RACHEL WILHELM; ISSER M. ZEILINGOLD, individually and as Trustee of the Hadassah Weiss Irrevocable Life Insurance Trust; MARTIN NEUMANN; WEINSTOCK MANION, A LAW CORPORATION; SAMUEL EHRENTHAL; INSURED ON TIME SERVICES INC.; GREGG G. KIRSCHNER; JOSEPH M. LUCENT; THE SETTLEMENT GROUP, INC., dba Georgia Settlement Group; BENJAMIN STEIN; BENEFICIAL EXCHANGE LLC; MICHAEL GOLDMAN; PRIME BROOKSIDE LLC; ALEXANDER GOFER; and GOFER LAW FIRM PC; | USDC # 2:25-cv-12434-AB-KS<br><br>**NOTICE OF MOTION AND MOTION OF ISSER M. ZEILINGOLD IN SUPPORT OF DEFENDANT ISSER M. ZEILINGOLD'S MOTION TO DISMISS COMPLAINT**<br><br>**Date: October 23, 2026**<br>**Time: 10:00 AM**<br>**Place: 350 West 1st Street, Suite 4311**<br>**Courtroom: 7B, 7th Floor** |

TO THE HON. JUDGE ANDRÉ BIROTTE JR., ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on October 23, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Judge André Birotte Jr., in Courtroom 7B on the 7th Floor of the United States District Court for the

Central District of California, located at the Felicitas and Gonzalo Mendez United States Courthouse, 350 West 1st Street, Suite 4311, Los Angeles, CA 90012 Defendant ISSER M. ZEILINGOLD shall specially appear, solely for the limited purpose of contesting this Court's exercise of personal jurisdiction and moving, without submitting to or waiving any jurisdictional objections and without consenting to the jurisdiction of this Court, for an Order dismissing the Complaint as against him pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(6) , and 9(b).

This Motion is made on the grounds that:

This Court lacks personal jurisdiction over Defendant Isser M. Zeilingold because the Complaint fails to allege facts establishing that Zeilingold purposefully availed himself of the privilege of conducting activities in California or purposefully directed any conduct toward California, or that Plaintiff's claims arise out of any forum-related activities by Zeilingold. Fed. R. Civ. P. 12(b)(2).

The Complaint fails to state a claim upon which relief can be granted against Defendant Isser M. Zeilingold for fraudulent inducement, negligent misrepresentation, aiding and abetting fraud, RICO, breach of contract, and violation of Business and Professions Code section 17200. Fed. R. Civ. P. 12(b)(6). The fraud-based claims further fail to plead Zeilingold's alleged conduct with the heightened particularity required by Federal Rule of Civil Procedure 9(b).

The Complaint further fails to plead facts sufficient to establish the requisite duty, actionable misrepresentation, justifiable reliance, causation, or recoverable damages as applicable to the respective claims asserted against Zeilingold.

Pursuant to Local Rule 7-3, counsel for Defendant met and conferred with counsel for Plaintiff regarding the grounds raised in this Motion, as further described in the accompanying declaration of counsel.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Isser M. Zeilingold, the Complaint and exhibits thereto, the pleadings and records on file in this action, and such further argument and evidence as may properly be presented to the Court.

Dated: August 21, 2026 LAW OFFICES OF SHALOM RUBANOWITZ

BY: /s/ shalom rubanowitz

SHALOM RUBANOWITZ
Specially Appearing for Defendant,
ISSER ZEILINGOLD

**TABLE OF CONTENTS**


MEMORANDUM OF POINTS AND AUTHORITIES........................................ 1

INTRODUCTION............................................................................... 1

STATEMENT OF FACTS..................................................................2

LEGAL STANDARD..........................................................................6

FRCP 12(b)(2): Lack of Personal Jurisdiction......................................6

FRCP 12(b)(6): Failure to State a Claim..............................................7

ARGUMENT.....................................................................................7

The Court Lacks Personal Jurisdiction Over Zeilingold..........................7

General Jurisdiction Is Absent...........................................................7

Specific Jurisdiction Is Absent...........................................................8

The RICO Claim Does Not Supply Personal Jurisdiction.........................10

The Fraudulent Inducement Claim Fails Under Rules 9(b) and 12(b)(6)........11

Plaintiff Fails to State a Claim for Negligent Misrepresentation................13

Plaintiff Fails to State a Claim for Aiding and Abetting Fraud...................15

Plaintiff Fails to State a Claim for Violation of the RICO Act...................17

Plaintiff Fails to State a Breach-of-Contract Claim Against Zeilingold Individually.........19

Plaintiff Fails to State a Claim for Violation of the UCL.........................21

LOCAL RULE 7-3 COMPLIANCE.....................................................23

CONCLUSION...................................................................................23

# TABLE OF AUTHORITIES

## CASES

Ashcroft v. Iqbal, 556 U.S. 662 (2009)……………………………………………..………7
Atlantic Marine Construction Co. v. U.S. District Court, 571 U.S. 49 (2013)……..………..20
Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)……………………..…………………...7
Boschetto v. Hansing, 539 F.3d 1011 (9th Cir. 2008)……………………………..………10
Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985)……………………………………8
Butcher's Union Local No. 498 v. SDC Inv., Inc., 788 F.2d 535 (9th Cir. 1986)…………….10
Calder v. Jones, 465 U.S. 783 (1984)……………………………………………………..6, 9
Casey v. U.S. Bank Nat'l Ass'n, 127 Cal. App. 4th 1138 (2005)…………………………16-17
Comwest, Inc. v. American Operator Services, Inc., 765 F. Supp. 1467 (C.D. Cal. 1991)….17
Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280 (9th Cir. 1977)…………………6, 9
Destfino v. Reiswig, 630 F.3d 952 (9th Cir. 2011)……………………………………...11
Global Master Int'l Group, Inc. v. Esmond Natural, Inc., 76 F.4th 1266 (9th Cir. 2023)…….17
Herrejon v. Ocwen Loan Servicing, LLC, 980 F. Supp. 2d 1186 (E.D. Cal. 2013)………….22
Henry v. Lehman Commercial Paper, Inc. (In re First Alliance Mortgage Co.), 471 F.3d 977 (9th Cir. 2006)………………...……………………………………………..16
Impac Funding Corp. v. Endresen, 2015 WL 13916649 (C.D. Cal. 2015)…………………..16
International Shoe Co. v. Washington, 326 U.S. 310 (1945)…………………………………6
James v. J2 Cloud Services, Inc., 2019 WL 13398276 (C.D. Cal. 2019)……………………21
Kearns v. Ford Motor Co., 567 F.3d 1120 (9th Cir. 2009)……………………………….11, 22
Morrill v. Scott Fin. Corp., 873 F.3d 1136 (9th Cir. 2017)…………………………………..10
Nacarino v. Chobani, LLC, 668 F. Supp. 3d 881 (N.D. Cal. 2022)…………………………..23
Petersen v. Allstate Indem. Co., 281 F.R.D. 413 (C.D. Cal. 2012)………………………….14
Reves v. Ernst & Young, 507 U.S. 170 (1993)……………………………………………18
Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393 (9th Cir. 1986)…………17
Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797 (9th Cir. 2004)…………………6-8
Small v. Fritz Companies, Inc., 30 Cal. 4th 167 (2003)……………………………………14
Sullivan v. Oracle Corp., 51 Cal.4th 1191 (2011)…………………………………………21

Swartz v. KPMG LLP, 476 F.3d 756 (9th Cir. 2007)....................................9, 11, 15
UMG Recordings, Inc. v. Global Eagle Entm't, Inc., 117 F. Supp. 3d 1092 (C.D. Cal. 2015)....................................14
Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097 (9th Cir. 2003)....................................11
Walden v. Fiore, 571 U.S. 277 (2014)....................................8-10
Yi v. Circle K Stores, Inc., 258 F. Supp. 3d 1075 (C.D. Cal. 2017), aff'd, 747 F. App'x 643 (9th Cir. 2019)....................................11

**STATUTES**

18 U.S.C. § 1962(c)....................................17-18
18 U.S.C. § 1965(b)....................................10
28 U.S.C. § 1404(a)....................................20, 24
Cal. Bus. & Prof. Code § 17200....................................21
N.Y. EPTL § 11-4.7(a)....................................20

**RULES**

Fed. R. Civ. P. 9(b)....................................7, 11, 14-18, 22-23
Fed. R. Civ. P. 12(b)(2)....................................6-7, 10, 23
Fed. R. Civ. P. 12(b)(6)....................................7, 13, 15, 17, 19, 23
C.D. Cal. L.R. 7-3 ....................................3

# 1. MEMORANDUM OF POINTS AND AUTHORITIES

## a. INTRODUCTION

This Motion arises from an attempt by Plaintiff Emerging Manager Platform (2) Ltd. ("EMP"), itself a Bermuda entity headquartered in Bermuda, to hale Defendant Isser M. Zeilingold, a New York resident, into a California forum based upon his alleged participation in transactions concerning a life-insurance policy on a California resident. The Complaint does not allege facts establishing that Defendant Isser M. Zeilingold purposefully directed conduct toward California or otherwise established the minimum contacts necessary for this Court to exercise personal jurisdiction over him. The Complaint does not allege that Zeilingold resides or conducts business in California, but instead predicates personal jurisdiction upon the fact that the insured, Hadassah Weiss, resides in California and upon generalized allegations concerning a multi-defendant transaction and alleged scheme.

As to Zeilingold, the Complaint alleges principally that he became successor trustee of the Hadassah Weiss Irrevocable Life Insurance Trust and, in that capacity, signed certain documents relating to the sale of the life-insurance policy owned by the Trust. Although EMP attempts to transform those limited allegations into claims for fraudulent inducement, negligent misrepresentation, aiding and abetting fraud, RICO violations, breach of contract, and unfair competition, the Complaint relies heavily upon collective allegations concerning numerous "Defendants" and fails to plead facts sufficient to establish the essential elements of those claims as asserted against Zeilingold. The fraud-based claims likewise fail to allege Zeilingold's purported

fraudulent conduct with the particularity required by Federal Rule of Civil Procedure 9(b).

The Complaint's allegations concerning Zeilingold's execution of transaction documents do not establish that he purposefully availed himself of the privilege of conducting activities in California or purposefully directed conduct toward California. Nor can EMP establish personal jurisdiction merely by combining Zeilingold with numerous other defendants and attributing the alleged conduct of the purported scheme collectively to them.

Accordingly, the Complaint should be dismissed as against Zeilingold pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), and the fraud-based claims are additionally deficient under Rule 9(b).

b. STATEMENT OF FACTS

## I. STATEMENT OF FACTS

Defendant Isser M. Zeilingold is a resident and citizen of New York. The Complaint itself alleges that Zeilingold is a New York resident and certified public accountant and that his involvement in the transaction arose from his service as successor trustee of the Hadassah Weiss Irrevocable Life Insurance Trust (the "Trust"). Compl. ¶ 18. Plaintiff nevertheless names Zeilingold both individually and in his capacity as Trustee. Id.

The Trust owned the life insurance policy at issue, American General Life Insurance Company Policy No. UM0202492L on the life of Hadassah Weiss (the "Policy"). Zeilingold did not create the Trust and was not its original trustee. According to the Complaint, on or about June 22, 2018, the prior trustee, Edward W. Vioni, resigned and Zeilingold was appointed successor trustee. Compl. ¶ 41. The Complaint attaches the written resignation, appointment, and Zeilingold's acceptance of that appointment.

The Complaint alleges a lengthy scheme concerning the procurement, financing, medical evaluation, marketing, and eventual sale of insurance policies on Weiss's life. Much of that alleged conduct preceded Zeilingold's appointment as trustee. The Complaint alleges that other defendants arranged and paid premiums, obtained and transmitted medical information and life-expectancy reports, and marketed the policies for sale. See, e.g., Compl. ¶¶ 36, 42-46. With respect to Zeilingold, the Complaint alleges principally that, after becoming successor trustee, he received and executed documents in connection with transactions involving policies owned by the Trust.

For example, Plaintiff alleges that in January 2019 Weiss and her attorney sent Zeilingold documents relating to an earlier sale of another policy owned by the Trust, and that Zeilingold thereafter countersigned certain documents and signed others before transmitting them to the provider involved in that transaction. Compl. ¶¶ 46-50. The Complaint alleges that Zeilingold executed the Life Settlement Agreement for that transaction expressly "as the Trustee of the Trust." Compl. ¶ 50.

The transaction involved in this action occurred later. Plaintiff alleges that in June 2019, Joseph Lucent and The Settlement Group, Inc. ("SGI") approached EMP

concerning the purchase of the ’492L Policy. Compl. ¶ 54. On July 16, 2019, EMP entered into a Policy Funding Agreement with SGI under which EMP agreed to place $3.8 million into escrow to fund SGI’s acquisition and subsequent transfer of the Policy. Compl. ¶¶ 55-56. Zeilingold was **not a party to that Policy Funding Agreement**; the agreement identifies EMP as the “Financing Entity” and SGI as the other contracting party.

On or about July 18, 2019, SGI entered into a separate Life Settlement Agreement for the acquisition of the Policy. That agreement expressly identifies **Georgia Settlement Group as the “Provider” and the Hadassah Weiss Irrevocable Life Insurance Trust as the “Life Settlor.”** It provides for the Life Settlor to sell the Policy to SGI for $3.225 million. The Agreement's representations and warranties are expressly denominated “Representations and Warranties of Life Settlor” and provide that the **Life Settlor** makes those representations to the Provider.

Among those provisions, the Life Settlor represented that the Policy premiums had not been financed through a premium-finance transaction, that its material representations and warranties would remain true through closing, and that statements furnished in connection with the transaction contained no material falsehoods or omissions. The Agreement also addressed disclosure of health and medical information concerning the insured. Plaintiff relies heavily upon these contractual provisions in asserting that representations concerning premium financing and Weiss’s health were false. Compl. ¶¶ 57-58.

The Complaint further alleges that on July 24, 2019, Weiss and her attorney sent Zeilingold a packet of transaction documents, which Zeilingold signed, in some instances notarized, and transmitted to Lucent and SGI. Compl. ¶ 59. Some of those documents were signed by Zeilingold expressly **as Trustee of the Trust**, including a limited power of attorney and an insurable-interest questionnaire. Compl. ¶¶ 59, 62.

On August 7, 2019, SGI separately assigned its rights in the Policy and related transaction documents to EMP. Compl. ¶ 63. The written Assignment identifies **The Settlement Group, Inc. as Assignor and EMP as Assignee** and assigns, among other things, SGI's right to enforce representations and warranties against the related "Seller and/or the Insured." The Complaint similarly characterizes the assigned contractual rights as rights to enforce the Life Settlement Agreement against **Weiss and the Trust**. Compl. ¶ 57.

Thus, although Plaintiff has sued Zeilingold both individually and as Trustee, the transaction documents upon which Plaintiff relies distinguish among the contracting entities and capacities. EMP's funding agreement was with SGI; the Life Settlement Agreement was between SGI and the Trust as Life Settlor; and SGI thereafter assigned transaction rights to EMP. The Complaint alleges that Zeilingold participated in the transaction through his role as successor trustee and signed a number of documents associated with the Trust's sale of its Policy. It does not, however, identify Zeilingold individually as the Life Settlor, seller, insured, provider, financing entity, or purchaser in the transaction.

/ / /

Separately, and critically for the jurisdictional inquiry, the Complaint alleges that Zeilingold resides in New York. Compl. ¶ 18. It does not allege that he resided in California, maintained an office or place of business here, owned property here, employed anyone here, or regularly conducted business here. Nor does the Complaint allege that Zeilingold traveled to California to negotiate or execute the transaction. Rather, Plaintiff's own exhibits show that transaction materials were transmitted to Zeilingold in New York for execution in connection with his role as trustee.

c. LEGAL STANDARD

**i. FRCP 12(b)(2): Lack of Personal Jurisdiction**

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing that personal jurisdiction exists over each defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Where, as here, the motion is decided without an evidentiary hearing, the plaintiff must make a prima facie showing of jurisdictional facts. *Id.* Although uncontroverted allegations in the complaint ordinarily are taken as true, the Court may not assume the truth of allegations contradicted by affidavit or declaration. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).

Due process requires that a nonresident defendant have sufficient "minimum contacts" with the forum such that exercising jurisdiction does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Each defendant's contacts with the forum must be assessed individually. *Calder v. Jones*, 465 U.S. 783, 790 (1984). Specific jurisdiction requires that: (1) the

defendant purposefully directed activities toward the forum or purposefully availed himself of the privilege of conducting activities there; (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) exercising jurisdiction is reasonable. *Schwarzenegger*, 374 F.3d at 802. Plaintiff bears the burden of establishing the first two requirements. *Id.*

**ii. FRCP 12(b)(6): Failure to State a Claim**

A complaint must allege sufficient facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court need not accept as true conclusory allegations of law or unwarranted inferences, and a claim is not plausible where the pleaded facts are merely consistent with liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Claims sounding in fraud must additionally satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).

d. ARGUMENT

**i. The Court Lacks Personal Jurisdiction Over Zeilingold**

**1. General Jurisdiction Is Absent**

There is no basis for general jurisdiction over Zeilingold. For an individual, the paradigm forum for general jurisdiction is the individual's domicile. Zeilingold is and at all relevant times has been domiciled in New York. (Zeilingold Decl. ¶ 3.) He has never lived in California, maintained an office or place of business in California, owned or leased real property in California, or maintained employees, agents, or bank accounts in California. (*Id.* ¶ 4.) The Complaint itself alleges that Zeilingold is a New York resident.

(Compl. ¶ 18.) Accordingly, Zeilingold is not "at home" in California and is not subject to general jurisdiction here.

**2. Specific Jurisdiction Is Absent**

Specific jurisdiction requires that Zeilingold himself have purposefully created contacts with California and that EMP's claims arise out of or relate to those forum-related contacts. *Schwarzenegger*, 374 F.3d at 802. The jurisdictional inquiry focuses upon "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Thus, "the plaintiff cannot be the only link between the defendant and the forum." *Id.* Random, fortuitous, or attenuated contacts, including contacts resulting from the unilateral activity of third parties, are insufficient. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

EMP's jurisdictional allegation illustrates the deficiency. EMP alleges that this Court has personal jurisdiction because Defendants either reside in California or "specifically engaged in transactions to purchase and sell life insurance policy interests on an insured who is a resident of California." (Compl. ¶ 7.) But Weiss's residence in California is not a forum contact created by Zeilingold. The relevant question is whether **Zeilingold's own conduct** connects him to California in a meaningful way. *Walden*, 571 U.S. at 290.

The Complaint does not make that showing. Zeilingold is a New York resident who became successor trustee of a New York-based Trust. His alleged involvement arose

from that trustee relationship. The transaction documents upon which EMP relies were transmitted to Zeilingold in New York, where he executed documents in connection with his role as trustee. The Complaint does not allege that Zeilingold traveled to California to negotiate or perform the transaction, maintained any business presence here, or solicited business here.

Zeilingold's Declaration confirms the absence of California-directed activity. He has never conducted, solicited, or engaged in business activities within California and did not participate in any transaction negotiated, structured, performed, or centered in California. (Zeilingold Decl. ¶¶ 5, 7, 10.) He did not travel to California in connection with the matters alleged in the Complaint and did not initiate or direct communications to any person or entity in California concerning those matters. (*Id.* ¶¶ 8–9.) These sworn facts cannot simply be displaced by generalized allegations directed collectively at "Defendants." *Data Disc*, 557 F.2d at 1284; see also *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).

The broader transaction likewise does not establish purposeful California contacts by Zeilingold. EMP is a Bermuda entity headquartered in Bermuda. (Compl. ¶ 9.) EMP entered its Policy Funding Agreement with SGI, not Zeilingold. The Life Settlement Agreement separately identified SGI as Provider and the Trust as Life Settlor. The fact that Weiss, the insured, resided in California does not transform Zeilingold's out-of-state conduct as trustee into conduct purposefully directed toward California. The contacts of Weiss, EMP, SGI, or any other defendant cannot substitute for constitutionally sufficient

contacts by Zeilingold himself. *Calder*, 465 U.S. at 790; *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017).

Nor does the location of an escrow account in Irvine alter the analysis. The Complaint alleges that EMP agreed to place its purchase funds into that escrow account. (Compl. ¶ 56.) EMP's or another party's selection of a California escrow cannot itself establish that Zeilingold purposefully availed himself of California or expressly aimed tortious conduct at California. See *Walden*, 571 U.S. at 291; *Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008).

EMP therefore cannot satisfy the first requirement for specific jurisdiction. Nor can it establish that its claims arise out of California-related activity by Zeilingold where the alleged acts upon which its claims depend concern his execution of transaction documents in connection with his role as trustee outside California. The exercise of specific jurisdiction over Zeilingold would therefore violate due process.

**3. The RICO Claim Does Not Supply Personal Jurisdiction**

EMP's assertion of a RICO claim does not eliminate the jurisdictional deficiency. Although RICO contains a nationwide service provision, 18 U.S.C. § 1965(b), the Ninth Circuit has held that nationwide service under that provision requires, among other things, that the “ends of justice” require other parties to be brought before the court. *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986).

EMP does not allege facts establishing that the ends of justice require Zeilingold, a New York resident, to be haled into California. Moreover, as discussed below, the

Complaint fails adequately to plead a RICO claim against Zeilingold. The mere inclusion of a deficient RICO count therefore does not independently establish personal jurisdiction over him.

Accordingly, the Complaint should be dismissed as against Zeilingold pursuant to Rule 12(b)(2).

### ii. The Fraudulent Inducement Claim Fails Under Rules 9(b) and 12(b)(6)

To state a claim for fraudulent inducement, a plaintiff must plead facts showing (1) a misrepresentation; (2) knowledge of its falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damages. *Yi v. Circle K Stores, Inc.*, 258 F. Supp. 3d 1075, 1087 (C.D. Cal. 2017), aff'd, 747 F. App'x 643 (9th Cir. 2019). Because the claim sounds in fraud, Plaintiff must also satisfy Federal Rule of Civil Procedure 9(b) by pleading the "who, what, when, where, and how" of the alleged fraudulent conduct. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Rule 9(b) does not permit a plaintiff simply to lump multiple defendants together. Rather, the pleading must distinguish among the defendants and identify each defendant's role in the alleged fraud. *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007). Allegations effectively asserting that "everyone did everything" are insufficient. *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011).

Although the Complaint identifies certain transaction documents signed by Zeilingold in his capacity as successor trustee, identifying a document bearing his signature is not itself sufficient to plead fraud. Plaintiff must plead facts showing what representation by Zeilingold was false, that Zeilingold knew of its falsity when made, that he intended Plaintiff to rely upon it, and that Plaintiff actually and justifiably did so.

The Complaint does not adequately plead those elements as to Zeilingold individually. Instead, its central allegations of fraudulent knowledge and conduct repeatedly attribute wrongdoing collectively to "Defendants," including allegations that "Defendants" intentionally misrepresented or concealed information concerning payment of premiums, falsified medical information, and caused inaccurate life-expectancy reports to be generated. The Complaint does not plead particularized facts showing that Zeilingold himself falsified medical records or life-expectancy information, supplied false medical information, knew that information supplied by others was false, or participated in the alleged manipulation of Weiss's life expectancy.

This deficiency is particularly significant because Zeilingold did not become successor trustee until June 2018, after the policies had been procured and after significant events concerning their original underwriting, financing, and medical history had already occurred. Although the Complaint alleges that Zeilingold later executed transaction documents containing representations concerning information supplied in connection with the Policy, including medical information represented to be true and correct to the best of his knowledge, it does not plead particularized facts showing that Zeilingold created or supplied the allegedly false medical records, participated in creating

the allegedly false medical history, knew that information supplied by others was false, or otherwise knew that any particular representation he made as successor trustee was false. The Complaint's generalized allegations that "Defendants" collectively falsified medical information or participated in the alleged scheme do not supply the particularized facts necessary to plead Zeilingold's individual knowledge or fraudulent intent.

Nor does the Complaint adequately distinguish between representations made by the Trust and representations made by Zeilingold individually. The Life Settlement Agreement expressly identifies the Hadassah Weiss Irrevocable Life Insurance Trust as the "Life Settlor," and denominates the contractual representations upon which EMP relies as the "Representations and Warranties of Life Settlor." Zeilingold's execution of documents on behalf of the Trust does not, without additional factual allegations, establish that he personally made a knowingly false representation with the intent to defraud EMP.

Accordingly, the Complaint fails to plead fraudulent inducement against Zeilingold with the particularity required by Rule 9(b) and fails to state a plausible claim against him under Rule 12(b)(6).

### iii. Plaintiff Fails to State a Claim for Negligent Misrepresentation

To state a claim for negligent misrepresentation, a plaintiff must plead facts showing a misrepresentation of a past or existing material fact, made without reasonable grounds for believing it to be true, with intent to induce another's reliance, justifiable reliance by the person to whom the representation was directed, and resulting damages.

*Petersen v. Allstate Indem. Co.*, 281 F.R.D. 413 (C.D. Cal. 2012) (quoting *Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167 (2003)). Negligent misrepresentation claims sounding in fraud must also satisfy Rule 9(b)'s heightened pleading requirements. *UMG Recordings, Inc. v. Global Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1106 (C.D. Cal. 2015).

Although the Complaint identifies transaction documents executed by Zeilingold after he became successor trustee, it does not plead particularized facts showing that Zeilingold made any identified representation **without reasonable grounds for believing it to be true**. Instead, the Complaint repeatedly attributes the allegedly false information concerning premium payments, medical information, and life-expectancy reports collectively to "Defendants," without alleging facts showing what information Zeilingold personally possessed, what he knew or should have known concerning its accuracy, or why he lacked reasonable grounds for relying upon information supplied by others.

That deficiency is particularly significant because Zeilingold did not become successor trustee until June 2018, after the policies had been procured and after significant events concerning their original underwriting, financing, and medical history had already occurred. Although the Complaint alleges that Zeilingold later executed transaction documents containing representations concerning information supplied in connection with the Policy, including medical information qualified as true and correct to the best of his knowledge, it does not plead particularized facts showing that Zeilingold created or supplied the allegedly false medical records, participated in creating the

allegedly false medical history, knew that information supplied by others was false, or otherwise lacked reasonable grounds for believing the information upon which he later acted as successor trustee was accurate.

The Complaint also fails adequately to distinguish between representations made by the Trust and representations made by Zeilingold individually. As discussed above, the Life Settlement Agreement identifies the Trust as the "Life Settlor" and expressly denominates its relevant provisions as "Representations and Warranties of Life Settlor." The fact that Zeilingold executed documents in connection with his duties as successor trustee does not itself establish that he individually made a negligent misrepresentation to EMP or lacked reasonable grounds for believing the information supplied to him was accurate.

Nor may EMP cure these deficiencies through generalized allegations that "Defendants" collectively misrepresented or concealed information. Rule 9(b) requires allegations sufficiently particularized to identify each defendant's role in the alleged misconduct. *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007).

Accordingly, the Complaint fails to state a claim for negligent misrepresentation against Zeilingold under Rule 12(b)(6) and fails to satisfy Rule 9(b).

**iv. Plaintiff Fails to State a Claim for Aiding and Abetting Fraud**

To state a claim for aiding and abetting fraud, a plaintiff must plead facts showing that the defendant had actual knowledge that a primary wrong was being committed and provided substantial assistance or encouragement in the commission of that wrong. *Henry*

*v. Lehman Commercial Paper, Inc. (In re First Alliance Mortgage Co.)*, 471 F.3d 977, 993 (9th Cir. 2006) (citing *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1144 (2005)). Where the underlying wrong is fraud, the elements of aiding and abetting must be pleaded with the particularity required by Federal Rule of Civil Procedure 9(b). *Impac Funding Corp. v. Endresen*, 2015 WL 13916649, at *2 (C.D. Cal. 2015).

The Complaint fails to plead particularized facts showing that Zeilingold had actual knowledge of the alleged fraud. Zeilingold did not become successor trustee until June 2018, after the policies had been procured and after significant events concerning their original underwriting, financing, and medical history had already occurred. Although the Complaint alleges that Zeilingold subsequently executed transaction documents as successor trustee, it does not allege particularized facts showing that he knew that medical information or life-expectancy information supplied by others was false, knew of any alleged scheme to manipulate the value of the Policy, or knew that any particular representation contained in the transaction documents was false.

Nor does the Complaint adequately plead substantial assistance by Zeilingold in any fraud. The allegation that Zeilingold executed documents in connection with the Trust's sale of its Policy does not, without factual allegations establishing his actual knowledge of the alleged fraud, plausibly establish that he substantially assisted or encouraged that fraud. The Complaint instead relies upon collective allegations that "Defendants" participated in or facilitated the alleged scheme. Such conclusory group allegations do not establish either actual knowledge or substantial assistance by Zeilingold individually.

California courts have emphasized that aiding-and-abetting liability requires actual knowledge of the specific primary wrong being aided; generalized awareness or suspicion is insufficient. *Casey*, 127 Cal. App. 4th at 1145–52. Likewise, conclusory allegations that a defendant participated in or assisted wrongdoing, without facts identifying the defendant's knowing contribution to the underlying wrong, are insufficient. See *Comwest, Inc. v. American Operator Services, Inc.*, 765 F. Supp. 1467, 1471 (C.D. Cal. 1991).

Accordingly, because EMP fails to plead particularized facts establishing that Zeilingold had actual knowledge of the alleged fraud and substantially assisted or encouraged its commission, the aiding-and-abetting claim fails under Rules 9(b) and 12(b)(6).

**v. Plaintiff Fails to State a Claim for Violation of the RICO Act**

To state a civil RICO claim under 18 U.S.C. § 1962(c), a plaintiff must plead "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *Global Master Int'l Group, Inc. v. Esmond Natural, Inc.*, 76 F.4th 1266, 1271 (9th Cir. 2023). A plaintiff must plead facts showing that the defendant conducted or participated in the conduct of the enterprise's affairs through a pattern of racketeering activity. See 18 U.S.C. § 1962(c).

Where, as here, the alleged predicate acts sound in fraud, they must be pleaded with the particularity required by Rule 9(b). *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400 (9th Cir. 1986). The pleading must identify the "time, place and

nature of the alleged fraudulent activities." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

The Complaint does not adequately identify the predicate racketeering acts allegedly committed by Zeilingold. Although EMP alleges generally that the Policy was acquired through interstate mail and wire transactions and attributes fraudulent conduct collectively to "Defendants," Compl. ¶¶ 116–117, it does not plead with particularity which allegedly fraudulent mailings or wire communications were made by Zeilingold, when they were made, to whom they were directed, what false representation each contained, or how Zeilingold knew the representation was false. The collective allegation that "Defendants" used interstate mail or wires cannot substitute for particularized allegations identifying Zeilingold's own alleged predicate acts.

Nor does the Complaint adequately allege that Zeilingold conducted or participated in the conduct of the alleged enterprise's affairs. Liability under § 1962(c) requires participation in the operation or management of the enterprise itself; merely performing services or participating in transactions associated with an enterprise is insufficient. *Reves v. Ernst & Young*, 507 U.S. 170, 177–85 (1993). The Complaint alleges that Zeilingold became successor trustee in June 2018 and thereafter executed documents relating to policies owned by the Trust. Those allegations do not, without additional facts, establish that Zeilingold directed, managed, or participated in the operation or management of the alleged RICO enterprise.

This deficiency is particularly significant because much of the alleged scheme concerning procurement, financing, underwriting, and development of medical

information concerning the policies preceded Zeilingold's appointment as successor trustee. The Complaint does not plead particularized facts showing that Zeilingold joined an existing fraudulent enterprise, knew of its alleged unlawful purpose, or thereafter participated in directing its affairs. His subsequent execution of transaction documents as trustee does not itself establish participation in the operation or management of a RICO enterprise.

Accordingly, EMP fails to plead particularized facts establishing that Zeilingold committed the requisite predicate acts, participated in the operation or management of the alleged enterprise, or conducted its affairs through a pattern of racketeering activity. The RICO claim therefore fails under Rules 9(b) and 12(b)(6).

**vi. Plaintiff Fails to State a Breach-of-Contract Claim Against Zeilingold Individually**

The Complaint's breach-of-contract claim is asserted against Zeilingold both individually and in his representative capacity as successor trustee. The transaction documents incorporated into and relied upon by the Complaint, however, demonstrate that Zeilingold did not enter into the Life Settlement Agreement in his individual capacity. The Agreement identifies the Hadassah Weiss Irrevocable Life Insurance Trust as the "Life Settlor," and Zeilingold executed the Agreement expressly in his capacity as Trustee.

The Agreement further provides that it is governed by New York law. Under New York law, a fiduciary who enters into a contract in a disclosed representative capacity is

not individually liable upon that contract where the fiduciary reveals his representative capacity and identifies the trust. See N.Y. EPTL § 11-4.7(a). Accordingly, whatever contractual obligations may have been undertaken by the Trust through Zeilingold as its trustee, the Complaint fails to state a claim imposing individual contractual liability upon Zeilingold.

The distinction is confirmed by Plaintiff's own allegations. EMP alleges that the Life Settlement Agreement was entered into by SGI and the Trust, that SGI subsequently assigned contractual rights to EMP, and that the representations and warranties upon which EMP relies were representations and warranties of the Life Settlor. The Complaint therefore fails to identify any contract entered into by Zeilingold individually or any contractual obligation personally undertaken by him.

Moreover, the very Agreement upon which EMP's contract claim depends provides that proceedings concerning the Agreement are subject to the exclusive jurisdiction of the federal and state courts located in New York. EMP's asserted contractual rights arise through SGI's assignment of rights under the transaction documents. An assignee generally takes assigned contractual rights subject to the contractual limitations accompanying those rights; EMP cannot invoke SGI's contractual rights while simply disregarding the Agreement's express forum-selection provision.

Defendant therefore reserves his right to seek enforcement of the Agreement's mandatory New York forum-selection clause, including through a motion to transfer pursuant to 28 U.S.C. § 1404(a). See *Atlantic Marine Construction Co. v. U.S. District Court*, 571 U.S. 49, 62–66 (2013). The existence of that mandatory provision further

underscores that EMP's attempt to enforce the Agreement in this forum presents issues separate from any purported individual contractual liability of Zeilingold.

Accordingly, Count Six should be dismissed to the extent it seeks to impose contractual liability upon Zeilingold individually. Defendant expressly reserves all defenses to the breach-of-contract claim asserted against him in his representative capacity as Trustee, as well as his right to seek enforcement of the Agreement’s mandatory New York forum-selection provision pursuant to 28 U.S.C. § 1404(a).

**vii. Plaintiff Fails to State a Claim for Violation of the UCL**

Plaintiff also fails to state a claim against Zeilingold under California's Unfair Competition Law (“UCL”), Business and Professions Code section 17200. As an initial matter, California law is presumed not to apply extraterritorially, and that presumption applies to claims under the UCL. *Sullivan v. Oracle Corp.*, 51 Cal.4th 1191, 1207–08 (2011). The UCL generally does not regulate conduct occurring outside California merely because some effect of that conduct is felt within the State. See *James v. J2 Cloud Services, Inc.*, 2019 WL 13398276, at *10 (C.D. Cal. 2019).

Here, EMP is a Bermuda entity and Zeilingold is a New York resident. The Complaint does not allege that Zeilingold conducted business in California, acted as a California life-settlement broker, or engaged in the alleged conduct while present in California. Rather, his alleged participation arose from his service as successor trustee of the Trust and his execution of transaction documents outside California. The fact that the

/ / /

insured resided in California does not, without more, establish a basis for applying the UCL to Zeilingold's out-of-state conduct.

The UCL claim also fails to the extent it is predicated upon the same allegedly fraudulent conduct underlying EMP's fraud-based claims. Where a UCL claim sounds in fraud, Rule 9(b)'s heightened pleading requirements apply. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). As discussed above, the Complaint fails to plead with particularity facts establishing that Zeilingold knew the allegedly false medical or life-expectancy information was false, participated in creating or falsifying that information, or otherwise personally engaged in the fraudulent scheme alleged by EMP. The UCL claim cannot cure those deficiencies by attributing the conduct of numerous "Defendants" collectively to Zeilingold.

The claim likewise fails under the UCL's "unlawful" prong absent facts establishing an underlying violation of law by Zeilingold. See *Herrejon v. Ocwen Loan Servicing, LLC*, 980 F. Supp. 2d 1186, 1205 (E.D. Cal. 2013). EMP alleges generally that "Defendants" violated California life-settlement regulations, including California Insurance Code sections 10113.1–10113.3, but does not plead particularized facts showing that Zeilingold acted as a life-settlement broker, was required to be licensed as such in California, or personally engaged in conduct violating those provisions. Generalized allegations that numerous defendants violated unidentified laws do not establish an unlawful business practice by Zeilingold individually.

Finally, EMP seeks monetary damages for the same alleged injury underlying its UCL claim. The UCL provides equitable remedies rather than compensatory damages,

and equitable relief may be unavailable where an adequate remedy at law exists. See *Nacarino v. Chobani, LLC*, 668 F. Supp. 3d 881, 894 (N.D. Cal. 2022). EMP's own Complaint seeks monetary damages arising from the same transaction and alleged misconduct.

Accordingly, EMP fails to state a claim against Zeilingold under the UCL, and the claim should be dismissed pursuant to Rule 12(b)(6).

**e. LOCAL RULE 7-3 COMPLIANCE**

Counsel for Defendant Isser M. Zeilingold met and conferred with counsel for Plaintiff pursuant to Local Rule 7-3 regarding the grounds raised in this Motion. The circumstances and substance of the parties' meet-and-confer are further set forth in the accompanying Declaration of Shalom Rubanowitz.

**f. CONCLUSION**

For the foregoing reasons, Defendant Isser M. Zeilingold respectfully requests that this Court dismiss the First, Second, Third, Fourth, and Seventh Claims for Relief for fraudulent inducement, negligent misrepresentation, aiding and abetting fraud, RICO, and violation of Business and Professions Code section 17200, respectively, as against Zeilingold, pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(6), and 9(b).

Defendant further requests that the Sixth Claim for Relief for breach of contract be dismissed to the extent it is asserted against Zeilingold individually, because the transaction documents upon which Plaintiff relies identify the Hadassah Weiss

Irrevocable Life Insurance Trust as the contracting party and reflect that Zeilingold executed the Life Settlement Agreement solely in his representative capacity as Trustee. The Life Settlement Agreement further provides that it is governed by New York law and contains a mandatory provision selecting the federal and state courts located in New York as the exclusive forum for proceedings concerning the Agreement. Defendant expressly reserves his right to seek enforcement of that forum-selection provision, including by separate motion pursuant to 28 U.S.C. § 1404(a).

Accordingly, Defendant respectfully requests dismissal of all claims asserted against him individually and dismissal of the remaining claims against him to the extent set forth above.

Dated: August 21, 2026 LAW OFFICES OF SHALOM RUBANOWITZ

BY: /s/ shalom rubanowitz

SHALOM RUBANOWITZ
Specially Appearing for Defendant,
ISSER ZEILINGOLD